*In re* SAMUEL PAGÁN AYALA.

*Número:* MC-79-47          *Resuelto:* 28 de abril de 1980

*Héctor A. Colón Cruz, Procurador General* y *Eliadís Orsini Zayas,
Procuradora General Auxiliar,* abogados de El Pueblo; *Samuel
Pagán Ayala, pro se.*

PER CURIAM:    El 14 de septiembre de 1979 el Procurador
General presentó informe ante este Tribunal en que
expuso una queja de varios ciudadanos contra el abogado
Samuel Pagán Ayala. Dicho informe vino acompañado de
declaraciones juradas de los quejosos, prestadas en el
curso de la investigación efectuada por la oficina del
Procurador General. Consiste la queja, en síntesis, en que
para el 1967 contrataron a dicho abogado para que les
representara en sus reclamaciones contra la Compañía
Arturo Díaz Construction y su aseguradora, por daños
ocasionados a sus propiedades durante obras de expansión
de la carretera    núm. 2; que han tratado de obtener
información sobre el progreso de su caso sin resultado
alguno, habiéndoles negado dicho abogado el número de
radicación del caso en corte, si es que se instó acción
judicial; que se quejaron en junio de 1976 al Colegio de
Abogados, y nada han sabido sobre la acción tomada por
dicha entidad.

Informa además el Procurador que el 2 de junio de 1978 escribió al abogado querellado informándole de la queja y solicitando su versión. Como no recibiera respuesta, volvió a escribir al querellado el 11 de julio de 1978 y tampoco ha recibido respuesta.

El 11 de octubre de 1979 emitimos resolución en que concedimos al querellado un plazo para que expusiera lo que a bien tuviera. El 25 de octubre el querellado solicitó prórroga de veinte o treinta días para contestar el informe del Procurador. Transcurrieron más de dos meses y el 17 de enero de 1980 le concedimos diez días para mostrar causa por la cual no se le deban imponer sanciones disciplinarias. Nuestra resolución a este efecto le fue notificada personalmente el 15 de febrero por un alguacil de este Tribunal. No fue hasta el 5 de marzo que compareció por escrito ante nos el querellado y, sin mostrar causa, nos pide que archivemos la queja porque los quejosos no tienen más interés en el asunto, lo cual acredita con una declaración jurada prestada por todos ellos en que así lo hacen constar. Sin embargo, no han negado los quejosos el motivo de su queja, es decir, la falta de atención y de las diligencias que como abogado de ellos debió ejercitar el querellado para ser resarcidos por los alegados daños.

En primer lugar, tenemos que censurar que el querellado no prestara atención a las cartas que le envió el Procurador General.

En segundo lugar, no estamos persuadidos de que el Lcdo. Samuel Pagán Ayala cumpliera con la diligencia requerida la obligación que asumió para con los quejosos al ser contratado por ellos. Disponen los Cánones 18 y 19 de Ética Profesional, en lo aquí pertinente:

*"Canon 18.—Competencia del abogado y consejo al cliente*
Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuada-

mente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.

.    .    .    .    .    .    .    .

*Canon 19.—Información al cliente*

El abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.

.    .    .    .    .    .    .    ."

*Habiendo los quejosos desistido de su queja, baste por ahora expresar nuestra censura y nuestra admonición al Lcdo. Samuel Pagán Ayala de que en lo sucesivo sea diligente en sus relaciones oficiales y en el desempeño de sus encomiendas como abogado. Si desde un principio hubiese atendido como era su deber sus obligaciones profesionales, hubiese evitado a los quejosos las molestias que sin duda incurrieron y hubiese evitado a la oficina del Procurador General y a este Tribunal tener que distraer de nuestro ocupado tiempo para atender lo que parece haber sido una bien fundada queja. Se dispondrá así de este caso. Únase copia de esta opinión al expediente personal del abogado Samuel Pagán Ayala.*

El Juez Asociado Señor Martín concurre en el resultado. El Juez Presidente Señor Trías Monge no intervino.