In re CALIXTO DÍAZ ALONSO, JR., querellado.

*Número:* MC-84-27 *Resuelto:* 31 de octubre de 1984

---

*Flavio E. Cumpiano,* Juez Superior, querellante; *Calixto Díaz Alonso, pro se.*

PER CURIAM: El 13 de junio de 1984 se presentó, en la Secretaría de este Tribunal, un escrito suscrito por el Hon. Flavio E. Cumpiano, en el cual informa sobre la conducta profesional del Lic. Calixto Díaz Alonso y solicita una investigación de la misma. El Juez Cumpiano describe la conducta del licenciado Díaz Alonso como de desidia, desatención y total abandono de los intereses de sus representadas, entre las que se encuentran dos menores de edad.

Conforme se desprende del escrito enviado por el Juez Cumpiano, el licenciado Díaz Alonso incurrió en las siguientes fallas:

1. En el caso de *Gloria M. Incle Matos* v. *Linda Chico García y sus hijas menores Cynthia y Jessenia Dávila Chico* sobre Rendición de Cuentas y Partición de Herencia, el licenciado Díaz Alonso asumió la representación profesional de las partes demandadas en 3 de mayo de 1982 y no contestó la demanda.

2. Se citó para conferencia y el abogado de la otra parte no pudo comunicarse con el licenciado Díaz Alonso.

3. El tribunal citó a conferencia preliminar entre abogados en el mismo tribunal, en la cual el juez par-

ticipó. Se dieron encomiendas a los abogados. El licenciado Díaz Alonso no llevó a cabo la suya.

4. El abogado de la otra parte le escribió. Él no contestó.

5. El tribunal emitió una orden para exponer causa por la cual no debían imponérsele sanciones por no responder a las comunicaciones y no haber cumplido lo pactado en la conferencia. El licenciado Díaz Alonso no respondió a la orden.

6. El tribunal emitió una Resolución y Orden en que impuso sanciones y apercibió al licenciado Díaz Alonso que había niñas menores envueltas cuyos intereses peligraban. El licenciado Díaz Alonso no cumplió con la Resolución y Orden.

7. El tribunal dictó órdenes en que eliminó las alegaciones y ordenó la anotación de rebeldía de la demandada mayor de edad y se vio obligado a nombrar a la honorable Procuradora Especial de Relaciones de Familia como defensora judicial de las menores. Nada hizo el licenciado Díaz Alonso.

8. La representada del licenciado Díaz Alonso compareció al tribunal para informar que luego de múltiples gestiones para localizarlo no ha podido comunicarse con él.

Mediante resolución emitida el 27 de junio de 1984 este Tribunal concedió al licenciado Díaz Alonso un término de quince días para que mostrara causa por la cual no debe ser disciplinado.

El 20 de julio de 1984 el licenciado Díaz Alonso presentó en este Tribunal un escrito titulado Contestación a Queja. En el mismo el licenciado Díaz Alonso acepta los hechos. Aun cuando entiende que no justifican su actuación, considera que las siguientes circunstancias atenúan su conducta:

1. Fue admitido a la profesión de abogado el 6 de noviembre de 1979.

2. Es esta la primera vez en su vida profesional que

tiene que comparecer ante este Tribunal a responder por sus actuaciones.

3. No tenía experiencia en el litigio contencioso civil pues se había dedicado casi exclusivamente a casos de naturaleza criminal menos grave, divorcios no contenciosos y procedimientos *ex parte.*

4. La demanda que no se contesta es una demanda enmendada donde se traen como partes demandadas a las hijas menores de la Sra. Linda Chico, quien ya estaba en el pleito.

5. Las partes a través de sus abogados estaban en conversaciones para transigir el caso.

6. Por ciertos motivos (que se explican en la contestación a la queja) las relaciones con su cliente se tornaron agrias y por inexperiencia no medió una renuncia de representación o una moción informativa al tribunal.

7. Los abogados tanto de la demandante como de la demandada se intercambiaban documentación y descubrían prueba, otra vez sin la intervención o notificación al tribunal.

8. En la conferencia preliminar entre abogados citada por el tribunal se acordó coordinar la tasación de un inmueble. El licenciado Díaz Alonso gestionó los servicios de un tasador, quien aceptó no cobrar hasta que se hiciera la partición y venta de bienes, pero que haría la tasación cuando pudiese acomodarla dentro de su carga de trabajo, como segunda prioridad. Pendiente de la redacción final del informe del tasador, surgió este incidente y la renuncia del licenciado Díaz Alonso.

9. Una vez se nombró a la procuradora defensora judicial de las menores, ésta citó al licenciado Díaz Alonso y éste compareció indicándole los pormenores sobre la tasación y evidencia documental.

10. En el caso que motiva esta queja no ha habido perjuicio económico de ninguna de las partes.

11. El licenciado Díaz Alonso renunció a la representación de la señora Chico y oportunamente compareció ésta por nueva representación legal, siguiendo el caso su curso.

12. El licenciado Díaz Alonso nunca recibió honorarios de abogado.

13. El tribunal impuso una sanción al licenciado Díaz Alonso de $1,000 en honorarios de abogado a favor de la otra parte y $200 a favor del E.L.A., los cuales consignó en el tribunal.

14. Para la época de los hechos la situación personal del querellado no podía fomentar otra cosa que el caos. Se estaba dividiendo una sociedad profesional que tenía con otros abogados. No tenía dónde recibir un cliente y tenía que conseguir un amigo que le permitiera usar una secretaria para pasar un escrito. Se afectó su estado anímico y se tornó incapaz de bregar con el caso. Acudió a buscar ayuda profesional donde un psiquiatra. Por 4 meses asistió a sesiones de terapia con el mismo y fue dado de alta.

De ordinario bastaría con discutir la conducta del querellado a la luz de los Cánones de Ética Profesional y expresar nuestras conclusiones. Creemos, no obstante, que debemos aprovechar la ocasión para seguir adentrándonos en una dimensión del campo, merecedora de la más cuidadosa atención.

Este Tribunal tiene facultad constitucional e inherente para reglamentar la profesión de abogado y la indelegable obligación de ir dándole contenido concreto a los principios enunciados en el Código de Ética Profesional. *In re Rodríguez Torres*, 104 D.P.R. 758 (1976). En el descargo de dicha responsabilidad, nos parece indicado el continuado desarrollo de una teoría moral sobre la conducta profesional. La permanencia y utilidad del sistema ético-profesional

depende, en buena medida, de unos patrones o guías identificables en la jurisprudencia sobre la materia. En el análisis de este caso haremos por tanto referencia constante a la jurisprudencia y otras fuentes del derecho en ánimo de tratar faltas parecidas de modo análogo y mantener la reglamentación ético-profesional como cuerpo normativo coherente.

■ Examinemos en primer término el papel que la juventud y la inexperiencia de un abogado deben jugar al momento de juzgar su conducta. Los jueces han de ser especialmente considerados con los abogados que comienzan a ejercer la profesión. Canon XVI de los de Ética Judicial. En *In re Ramos y Ferrer*, 115 D.P.R. 409, 412 (1984), dijimos que:

> Su juventud y su patente inexperiencia, su esfuerzo por descargar su conciencia aun más allá de la dimensión del agravio, muestran una fibra todavía sana capaz de reponerse, y detienen nuestra disciplina en censura de su conducta profesional, que constituirá precedente en su expediente profesional.

Sin embargo, la juventud y la inexperiencia no pueden eximir al abogado de ser sancionado, cuando se lo merece. En *In re Rivera Colón*, 63 D.P.R. 713, 729 (1944), expresamos lo siguiente:

> Falta de experiencia, ignorancia de las leyes procesales e insuficiencia de su preparación académica son las defensas alegadas por el querellado Víctor Rivera Colón. Ellas podrán ser suficientes para explicar sus actuaciones y para atenuar la responsabilidad en que pudiera haber incurrido, pero no lo son para eximirle de una merecida reprimenda y censura por sus actuaciones en el caso encomendado a su defensa.

■ En *Pueblo* v. *Miranda Colón*, 115 D.P.R. 511 (1984), sostuvimos que el abogado tiene la obligación ética de informarse adecuadamente del derecho aplicable para descargar responsablemente sus obligaciones profesionales para con su cliente. Su incumplimiento de las leyes no puede

escudarse y mucho menos justificarse con su ignorancia de ellas.

◼ Debe siempre tener presente el abogado lo dispuesto en el Canon 18 de los de Ética Profesional en cuanto a que será impropio de un abogado asumir una representación profesional cuando es consciente de que no puede rendir una labor idónea y competente.

◼ En relación con el cumplimiento de las providencias judiciales, en segundo término, hemos señalado reiteradamente que el abogado debe el mayor respeto al poder judicial.

En *Acevedo* v. *Compañía Telefónica de P.R.*, 102 D.P.R. 787, 791 (1974), el abogado de una de las partes incurrió en una falta similar a la del licenciado Díaz, pues no compareció a una conferencia con antelación al juicio. En aquel momento dijimos que:

> Los abogados están comprometidos con sus clientes a desplegar el mayor celo, cuidado y diligencia en la atención de los asuntos que se les han encomendado respondiéndole así a la confianza en ellos depositada. Véase Canon 18 de los de Ética Profesional, 4 L.P.R.A., Ap. IX, C. 18. Deben además a las cortes el respeto a las órdenes que les son dirigidas en la consecución de los pleitos, exigiéndose de ellos asistencia puntual y el despliegue de todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución de los casos.Véase Canon 12 de los de Ética Profesional, 4 L.P.R.A., Ap. IX, C. 12. Su comportamiento no debe ser otro que el fiel cumplimiento de la ley y el respeto al poder judicial.

◼ Sobre este mismo particular nos expresamos también en *Fine Art Wallpaper* v. *Wolff*, 102 D.P.R. 451, 458-459 (1974), de la siguiente forma:

> Ellos [los abogados] vienen obligados a hacer todas las gestiones necesarias para cumplir con los señalamientos, evitar dilaciones indebidas en los trámites y solución de casos, y, desplegar su habilidad y capacidad en forma responsable tanto para beneficio de su cliente como del tribunal.

■ Así también, sobre este punto dijimos en *In re Coll*, 101 D.P.R. 799, 801–802 (1973), que:

Es deber del abogado comparecer personalmente, o por escrito cuando las circunstancias lo permitan, en todo acto, incidente o vista relacionado con el caso de su cliente. Su presencia en corte es el método insustituible de defensa de su cliente, por lo que a pesar de lo desesperanzado del caso debe rendir hasta el final la obligación libremente asumida de proteger los intereses a él confiados. (Escolio omitido.)

Sobre el tema de la representación legal adecuada y la protección de los derechos de los representados nos hemos expresado varias veces. Se trata de un asunto sumamente delicado e importante. En adición a lo provisto por el Canon 20 de los de Ética Profesional, nuestras expresiones sobre el particular deben servir como guía en este renglón.

■ En *In re Cardona Vázquez*, 108 D.P.R. 6 (1978), disciplinamos a un abogado por, entre otras cosas, abandonar, sin justificación alguna, la representación de su cliente desde el comienzo de su representación, habiéndolo dejado huérfano de representación legal al desaparecer y no haberle notificado su abandono ni haberle contestado cartas relacionadas con el caso cuya atención se le encomendó ni haberle devuelto los documentos evidenciarios que le habían sido confiados, los cuales nunca pudieron localizarse. Su conducta no sólo motivó la imposición de sanciones a su representada y obstruyó la buena y pronta marcha de la justicia, sino que también le causó daños irreparables a su cliente al extremo de que la reclamación, de naturaleza sencilla, dilató en ventilarse por un período considerable de años.

En *In re Cruz Tollinche*, 112 D.P.R. 699–700 (1982), abordamos también el tema. Resolvimos entonces que:

Únicamente la prueba refleja que el abogado Cruz Tollinche "cometió el error de juicio de no renunciar su representación legal ante la conducta del cliente y por la cual el abogado respondía ante el foro judicial". Ante dicha equivocación basta

como única sanción la dimanante del trámite aleccionador de la querella.

En *Fine Art Wallpaper* v. *Wolff*, ante, pág. 459, se dijo que:

Cuando por razones justificadas no puedan representar adecuadamente un cliente deben renunciar la representación profesional obteniendo previamente el permiso del tribunal y tomando aquellas medidas razonables para evitar perjuicios a los derechos de su cliente. Canon Núm. 20 de Ética Profesional . . . .

En *In re Rodríguez Torres*, 104 D.P.R. 758, 765 (1976), nos expresamos de la forma siguiente:

El ejercicio de la práctica de la profesión de abogado requiere en todo momento celo, cuidado y prudencia. En la consecución de estos logros deben adoptarse las medidas conducentes a dejar constancia —libre de ambigüedades y dudas y con la autorización de los tribunales correspondientes— de su verdadero status como defensor en las causas en que ha intervenido.

Otra de las fallas en que incurrió el licenciado Díaz Alonso fue no mantener a su cliente informado del trámite del caso. Sobre esto el Canon 19 de los de Ética Profesional dispone en lo pertinente que:

El abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.

En *Colón Prieto* v. *Géigel*, 115 D.P.R. 232, 239–240 (1984), se dijo que:

En su relación con los clientes [el abogado] tiene las siguientes obligaciones: actuar con destreza y cuidado, informarle sobre sus honorarios, proteger sus intereses, cumplir con las instrucciones por medios permisibles, consultarlo sobre dudas que no caigan en el ámbito discrecional, y mantenerlo informado sobre todo lo necesario . . . el abogado, además de representar a un cliente con fidelidad, lealtad y diligencia, debe siempre mantenerlo informado de todo asunto impor-

tante que surja en el desarrollo del caso cuya atención le ha sido encomendada.

 Es de rigor señalar que, el hecho de haber admitido el querellado los cargos imputados es una circunstancia que, ante la gravedad ética de su conducta, no puede servir de eximente. *In re Félix,* 111 D.P.R. 671 (1981). Aunque el querellado informa que el caso ha seguido su curso normal luego de él renunciar a la representación, ello es un atenuante, pero no le exime de la sanción disciplinaria apropiada. *In re Arana Arana,* 112 D.P.R. 838 (1982).

Considerada la conducta del querellado, así como los Cánones de Ética Profesional, nuestras expresiones en casos anteriores y las sanciones allí impuestas, consignamos nuestra fuerte censura por la conducta observada por el licenciado Díaz Alonso. Queda apercibido el licenciado Díaz Alonso que de incurrir en el futuro en conducta profesional análoga o en otro desvío del camino ético estará sujeto a la imposición de medidas disciplinarias aún más drásticas. *Se dictará sentencia al efecto.*

El Juez Asociado Señor Torres Rigual no intervino.