*In re* ÁNGEL MANUEL PADILLA.

*Número:* 5007          *Resuelto:* 3 de diciembre de 1992

*Govén D. Martínez Surís, Director de la Oficina de Inspección de Notarías,* en informe.

PER CURIAM:

## I

El pasado 21 de agosto de 1992 emitimos la resolución siguiente:

### I

Habiendo prestado el notario Angel Manuel Padilla la fianza notarial, se archiva el trámite correspondiente a ese requisito. Se le apercibe de en el futuro ser diligente en su cumplimiento.

### II

No obstante, surge diáfanamente de su expediente, que en múltiples ocasiones el Director de Inspección de Notarías, Lcdo.

Govén D. Martínez Surís, *ha intentado infructuosamente que dicho notario le comunique la dirección física de su oficina para poder realizar una inspección de su obra notarial.* Esas comunicaciones han sido dirigidas a su apartado postal 8056, Bayamón, 00960, que resulta ser el mismo que el 16 de julio de 1992 el notario certificó en su comparecencia para mostrar causa ante este Foro.

### III

A la luz de lo expuesto, se le concede al notario Padilla un término perentorio de diez (10) días para que, sin excusa alguna, proceda a notificar al Lcdo. Martínez Surís la dirección física exacta en que se encuentra su obra notarial, ello bajo apercibimiento de ser suspendido temporalmente del ejercicio de la abogacía *sin ulterior trámite.* (Énfasis suplido y en el original.) Resolución de 21 de agosto de 1992.

### II

Notificado de esta resolución por correo certificado el pasado 10 de septiembre, al día de hoy el notario Padilla no ha comparecido, ignorando nuestra orden. La situación es intolerable. Compárense: *In re Bonaparte Rosaly,* 130 D.P.R. 199 (1992); *In re Manzano,* 129 D.P.R. 955 (1992), y casos allí citados; *In re Colón Torres,* 129 D.P.R. 490 (1991); *In re Álvarez Meléndez,* 129 D.P.R. 495 (1991).

Conforme a la Ley Notarial de Puerto Rico, todo notario está en la obligación continua de notificar a este Foro cualquier cambio de dirección residencial o de su oficina notarial. 4 L.P.R.A. sec. 2011. Su conducta ha imposibilitado que durante varios años se haya podido examinar su obra notarial. Ya antes, el 9 de noviembre de 1984, le habíamos apercibido de su obligación de obedecer fielmente la disposición de la Ley Notarial de Puerto Rico en lo concerniente a los índices.

Esta conducta amerita su suspensión temporal del ejercicio de la abogacía hasta tanto consideremos apropiada su reinstalación. *Cf. In re Hernández,* 130 D.P.R. 861 (1992); *In re Pagán Ayala,* 115 D.P.R. 814 (1984).

*Se dictará la correspondiente sentencia.*