*In re* Ángel M. Padilla Pérez, querellado.

*Número:* CE-87-285          *Resuelto:* 15 de abril de 1994

*Norma Cotti Cruz, Subprocuradora General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogadas de El Pueblo; *Luis E. Rodríguez Santiago,* abogado del querellado; *Ángel M. Padilla Pérez, pro se.*

PER CURIAM: Contra el Lcdo. Ángel M. Padilla Pérez la Oficina del Procurador General de Puerto Rico presentó querellas por conducta profesional en las cuales se le imputó que

> ... actuó negligentemente y contrario a lo preceptuado en los Cánones de Ética Profesional, reflejando su conducta negligente en los asuntos encomendados por sus clientes y desatención a los requerimientos del [t]ribunal de [i]nstancia; violando con su conducta los [c]ánones 9, 18 y 19 de Ética Profesional. Querella, pág. 1.

Los hechos que dan base a las referidas querellas son los siguientes:

El 17 de enero de 1983, el Sr. Ernesto C. Cruz Reyes presentó queja ante la Comisión de Ética del Colegio de Abogados contra el licenciado Padilla Pérez alegando, en síntesis, que él había contratado los servicios del abogado querellado para que éste iniciase dos (2) acciones independientes de daños y perjuicios; una a nombre de él contra San Juan Gas, por unos hechos ocurridos en 1978, y otra, a nombre de su hija, Rixy Cruz García, contra Telemundo Canal 2 por hechos ocurridos el 9 de noviembre de 1979. Según la queja presentada, el licenciado Padilla Pérez dejó prescribir el primer caso y que se archivara el segundo por negligencia.

Con referencia al primer caso de daños y perjuicios contra la San Juan Gas, en el cual el señor Cruz Reyes reclamaba una compensación por los daños causados por una

caída ocurrida el 8 de junio de 1978, el querellado Padilla Pérez realizó gestiones con la compañía aseguradora con el propósito de llegar a una transacción. Esta última le ofreció una suma de dos mil dólares ($2,000), oferta que rechazó el cliente Cruz Reyes a pesar de que el abogado querellado le recomendó que los aceptara. El cliente le solicitó al querellado que continuara con los trámites correspondientes. Ante dificultades posteriores de comunicación entre el abogado querellado y su cliente, este último se comunicó con el abogado de la aseguradora quien le informó que su caso había prescrito porque el mismo no se había radicado ante el tribunal y que el término prescriptivo para dicha acción no había sido interrumpido. Ante este hecho, el querellado le informó a su cliente que había confiado en la palabra de un ajustador, el cual lo había engañado y que, por lo tanto, no había interrumpido el término prescriptivo. En vista de lo sucedido, el querellado llegó a un acuerdo con su cliente en el cual le pagaba dos mil dólares ($2,000), cantidad igual a la ofrecida por la compañía aseguradora como transacción.

En el segundo caso, el señor Cruz Reyes contrató los servicios profesionales del abogado querellado para que éste representara a su hija en una reclamación de daños y perjuicios por un accidente ocurrido en los alrededores de Telemundo Canal 2; caso que fue radicado ante el Tribunal Superior de Puerto Rico, Sala de San Juan (Caso Civil Núm. 81-2593(803)). Durante el transcurso de la toma de una deposición, surgió un incidente relacionado con la pertinencia de una pregunta hecha a la demandante, la cual tuvo que ser resuelta por el tribunal de instancia, decretando dicho foro que la demandante debía contestar la pregunta. Con motivo de este dictamen, se le impuso a la demandante el pago de los honorarios del taquígrafo y ciento cincuenta dólares ($150) en honorarios de abogado. Al no pagarse las penalidades, *el tribunal ordenó, como sanción, la desestimación de la demanda*, posteriormente

declarando no ha lugar a la moción de reconsideración radicada por el querellado. Éste no mantuvo informado a su cliente sobre lo ordenado por el tribunal, por lo que éstos no supieron de la sentencia de archivo hasta mucho después de haberse dictado la misma.

El 19 de enero de 1984, la Comisión de Ética del Colegio de Abogados recibió una segunda queja contra el licenciado Padilla Pérez, de parte del Lcdo. Daniel A. Rosenberg, en representación de Domestic Finance Corporation. En ésta se alegó que la referida Compañía había contratado los servicios del abogado querellado con el propósito de que éste gestionara el cobro de varias cuentas pendientes de pago y que éste no había remitido el monto de lo cobrado. Se alegó, en adición, que el querellado no había mantenido la debida comunicación sobre el curso y el resultado de las gestiones profesionales por él realizadas.

El Colegio de Abogados rindió informes sobre ambas quejas, fechados los mismos el 4 y 21 de agosto de 1986, respectivamente. Luego de concederle término al querellado para contestar las referidas querellas,[1] el 23 de julio

---

[1] Con relación a las querellas presentadas por el señor Cruz Reyes, ante el Colegio de Abogados, este Tribunal el 28 de agosto de 1986 le concedió veinte (20) días al querellado para exponer su posición. Ante la incomparecencia del querellado a la orden antes mencionada, este Tribunal el 30 de octubre del mismo año, le concedió un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía por no responder a los requerimientos del Tribunal. El 23 de noviembre el querellado presentó una moción excusando su incomparecencia ante nos, expresando que su situación económica era tal que no tenía secretaria, la maquinilla se descompuso y aparentemente quedó inservible ya que el costo de su reparación es más que su valor. Añadió que tiene que ir a la oficina de los clientes para que le faciliten las maquinillas. Informó además que ha perdido varios clientes importantes por cierre, bancarrota y varios otros motivos ajenos a su voluntad. En dicha fecha radicó, además, su contestación requerídale.

Ante el informe presentado por el Colegio de Abogados, y la contestación presentada por el querellado, referimos el caso al Procurador General, el 10 de diciembre de 1986, para que realizara la investigación correspondiente. El día 10 de febrero de 1987 el Procurador General presentó su informe. Mediante Resolución de 26 de febrero de 1986, ordenamos a dicho funcionario que radicara ante este Tribunal la querella conteniendo los cargos correspondientes.

El 29 de abril de 1987, el Procurador General presentó el escrito de querella, por lo que el 20 de abril de ese año le concedimos quince (15) días al querellado para contestar las mismas. El 21 de mayo de 1987, mediante moción de prórroga, el que-

de 1987 le encomendamos al Lcdo. Filiberto Santiago Rosario, recibir la prueba y rendir un informe en calidad de Comisionado Especial, informe que nos fue presentado el 28 de diciembre de 1990.

Con relación a las querellas presentadas por el señor Cruz Reyes, el Comisionado Especial determinó que:

> Hemos formulado la conclusión en el sentido de que el querellado en esta etapa de su vida no ha podido lidiar con las exigencias de una profesión que exige una base estable en lo emocional, económico y un dominio de la comunicación con los compañeros abogados adversarios, con el Tribunal y con los clientes. Esto produjo una desarticulación profunda de los procesos de trámite y comunicación que lo llevó a incumplir con sus clientes y con el Tribunal.
>
> Sin embargo, nada hay en el récord que demuestre que actuó con malicia, maldad, ánimo de lucro o que retuvo dinero indebidamente.
>
> .  .  .  .  .  .  .  .  .
>
> Su comunicación con los clientes, con los abogados adversarios y con el Tribunal fue defectuosa y desarticulada al extremo de que provocó el archivo y desestimación definitiva de un caso por el no pago de una cantidad ínfima por concepto de sanciones. Tampoco radicó alegato para fundamentar la improcedencia del archivo y desestimación definitiva como sanción por el no pago de una ínfima penalidad, determinación judicial que provocó a su cliente de un día en corte. Informe, pág. 4.

Con relación a la querella presentada por el licenciado Rosenberg, a nombre de la corporación Domestic Finance, el Comisionado Especial determinó:

> No surge de la prueba sometida por el Colegio de Abogados prueba alguna de que el querellado retuviera para sí el importe de los cobros y por tal razón el Hon. Procurador General no radicó cargo alguno sobre ese particular. Sí surge de toda la correspondencia y trámites del querellado con su cliente la cor-

---

rellado expuso que su estado de salud, su falta de facilidades de estudio y por sus dificultades económicas no había podido cumplir con los requerimientos del Tribunal. Mediante Resolución de 11 de junio de 1987 concedimos treinta (30) días adicionales para contestar la querella, cumpliendo éste con lo ordenado el 10 de julio de 1987.

Con relación a la segunda querella, este Tribunal el 11 de septiembre de 1986 le concedió un término de treinta (30) días para que compareciera por escrito y mostrara causa por la cual no deba ser objeto de trámite disciplinario.

poración que el querellado manejó de forma muy informal y desorganizada todo el trámite del cobro de deudas y remisión del dinero a su cliente producto de la inestabilidad al cambiar el querellado de oficina y de secretaria. Acepta el querellado la posibilidad de que le adeude algún dinero a la corporación. Informe, pág. 2.

Estando en condiciones de resolver el asunto ante nuestra consideración, procedemos a así hacerlo.

## I

El Canon 18 de Ética Profesional, 4 L.P.R.A. Ap. IX, establece en su parte pertinente que:

Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

*Es deber del abogado defender los intereses del cliente diligentemente desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.* (Énfasis suplido.)

A esos efectos, en *In re Silverio Orta*, 117 D.P.R. 14, 18 (1986), señalamos que la práctica de la abogacía requiere en todo momento *celo, cuidado* y *prudencia*; por esto el abogado tiene que adoptar aquellas medidas que sean necesarias para no dejar en estado de indefensión a su representado y no causar dilación en los procesos en los tribunales. *In re Rodríguez Torres*, 104 D.P.R. 758, 765 (1976).

El abogado tiene el deber de defender los intereses de su cliente, con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez; su gestión debe llevarse a cabo aplicando en cada caso sus conocimientos, experiencias y habilidades desempeñándose de una forma adecuada y responsable, capaz y efectiva. *In re Acosta Grubb*, 119 D.P.R. 595, 602 (1987); *In*

*re Cardona Vázquez*, 108 D.P.R. 6, 18 (1978); *In re Arana Arana*, 112 D.P.R. 838, 843 (1982). En el citado caso *In re Acosta Grubb*, ante, pág. 603, expresamos que:

Si bien el Código de Ética le reconoce al abogado el derecho de aceptar o rechazar una representación profesional, Canon 26 (4 L.P.R.A. Ap. IX), una vez acepta y asume la representación legal de un cliente, tiene la responsabilidad de descargar su labor con la requerida rapidez y eficiencia. La ética le exige a todo abogado que rehúse representar a una parte cuando está consciente de que no puede defender sus intereses en forma adecuada.

■ El deber de diligencia profesional que tiene todo abogado es incompatible con la desidia, despreocupación, inacción y displicencia. *In re Pérez Santiago*, 131 D.P.R. 676 (1992).

## II

En el caso ante nos, los cargos contra el querellado revelan un patrón de descuido y negligencia en el cumplimiento de sus obligaciones como abogado, en perjuicio de los mejores intereses de sus clientes. *In re Acosta Grubb*, ante, pág. 604.

■ El querellado, por su falta de diligencia, dejó prescribir un caso de daños y perjuicios, no ejerciendo el celo, cuidado y prudencia que la profesión exige de sus miembros. El cliente de todo abogado confía en que sus asuntos serán atendidos por éste con un alto grado de responsabilidad, debiendo poner el abogado para ello todos sus conocimientos, experiencias y habilidades. *In re Acosta Grubb*, ante. El permitir que expirara el término prescriptivo para una acción civil de su cliente, entraña una violación al deber de diligencia que tiene todo abogado. Véase *In re Pérez Santiago*, ante.

■ Somos del criterio que el querellado fue negligente al no desplegar una defensa caracterizada por la mayor

capacidad, eficiencia y rapidez en los asuntos encomendados por su cliente; el dejar prescribir una acción por él encomendada demuestra que éste no actuó con la competencia y diligencia que exige el ejercicio de la abogacía. Véase *In re Rosario*, 116 D.P.R. 462 (1985). El hecho de que éste haya indemnizado a su cliente, no exime a éste del trámite disciplinario por infracción al Código de Ética. *In re Acosta Grubb*, ante, pág. 604; *In re Silverio Orta*, ante, pág. 19.

Por otro lado, y en relación al caso referente a Rixy Cruz García, el querellado fue negligente y demostró un claro menosprecio por los asuntos encomendados por su cliente, al dejar que la demanda por él radicada referente a dicho caso fuera desestimada, no haciendo éste todas las gestiones necesarias para cumplir con todos los señalamientos del tribunal y no desplegando, además, *toda su habilidad* y *capacidad* en beneficio de su representado. *In re Díaz Almesa,* ante; *Fine Art Wallpaper v. Wolff*, 102 D.P.R. 451 (1974). A esos efectos, el Comisionado Especial determinó que el trámite llevado a cabo por el querellado fue errático y desarticulado, motivado por la situación de su oficina y por la falta de comunicación con su cliente.

La conducta negligente del querellado también está reñida con el Canon 19 de Ética Profesional, 4 L.P.R.A. Ap. IX, en lo referente a que "[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". Véanse, además: *In re Pagán Ayala*, 109 D.P.R. 712 (1980); *In re Díaz Alonso, Jr.*, 115 D.P.R. 755 (1984). Todo abogado debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo. *In re Pizarro Santiago*, 117 D.P.R. 197 (1986). En *In re Pérez Santiago*, ante, expresamos que todo abogado tiene un deber ético-profesional de mantener informado a su representado de las incidencias de su caso

incluyendo la notificación de la desestimación de la acción instada a nombre del cliente.

■ Cabe señalar que la actuación negligente de dicho querellado en la tramitación de este caso, al no cumplir con las órdenes del Tribunal ni pedir revisión de dicha orden, privó al cliente de su día en corte. Esta actuación —de no cumplir con la orden del Tribunal, en relación con la cual no solicitó revisión de la misma— contravino, además, lo expresado por el Canon 9 de Ética Profesional, 4 L.P.R.A. Ap. IX, el cual exige a todo abogado el ser diligente con las órdenes de los tribunales.

En resumen, somos del criterio que el licenciado Padilla Pérez fue negligente al aceptar varios casos, en los cuales no demostró la competencia y diligencia que exige el ejercicio de la abogacía, no manteniendo además al cliente informado de todos los asuntos importantes que surgieron en el desarrollo de los casos. Véanse: Canon 18 y 19 de Ética Profesional, ante; *In re Rosario*, ante.[2]

## III

Resta determinar la sanción disciplinaria a imponer. Tomamos conocimiento del hecho de que mediante opinión *per curiam* y Sentencia de 3 de diciembre de 1992 habíamos decretado la "suspensión temporal" del ejercicio de la profesión a Ángel M. Padilla Pérez. *In re Padilla*, 132 D.P.R. 75 (1992).

En vista a ello, y de la determinación a la que hemos llegado en la parte II de la presente, entendemos *proce-*

---

[2] Con relación a la queja presentada por el licenciado Rosenberg, en relación a que el querellado no le había remitido el monto de lo cobrado de cuentas de sus clientes, el Comisionado Especial no encontró prueba que sustentara la misma; por ende no tomaremos acción al respecto. Cabe señalar que dicha conducta, en caso de ser cierta, está reñida con el Canon 23 de Ética Profesional, 4 L.P.R.A. Ap. IX. Véase *In re Vázquez O'Neill*, 121 D.P.R. 623 (1988).

*dente decretar la suspensión indefinida de Ángel M. Padi-*
*lla Pérez del ejercicio de la abogacía en Puerto Rico.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Fuster Berlingeri no intervino.