EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Félix Colón Morera | 2007 TSPR 157<br><br>172 DPR \_\_\_\_ |

Número del Caso: CP-2006-1

Fecha: 23 de agosto de 2007

Oficina del Procurador General:

        Lcda. Wanda I. Simons García
        Procuradora General Auxiliar

Abogados de la Parte Querellada:

        Lcda. Margarita Carrillo Iturrino
        Lcdo. Arturo Nieves Huertas

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

                                    CP-2006-1

Félix Colón Morera


                              PER CURIAM

         San Juan, Puerto Rico, a 23 de agosto de 2007


         El Procurador General de Puerto Rico presentó un
informe ante nuestra consideración referente a cierta
conducta del licenciado Félix Colón Morera, que se
alegó podía constituir una violación de los Cánones
18 y 19 de los Cánones de Ética Profesional.  El
informe del Procurador General se basó en una queja
que presentara ante dicha oficina el señor Giuseppe
Villa Mercadante.  En su queja, el señor Villa
Mercadante le indicó al Procurador General que había
contratado  los servicios del licenciado Colón Morera
para que le representara en un pleito de división de
sociedad de  bienes  gananciales presentado por su ex

esposa y que éste no había acudido en alzada de la sentencia desfavorable recaída, a pesar de haber solicitado y recibido un adelanto de $2,000 para efectuar dicho trámite.

**I**

El señor Villa Mercadante informó que el enero de 1999 había sido demandado por su ex esposa en una demanda de liquidación de la sociedad de bienes gananciales. En ese momento, el señor Villa contrató los servicios profesionales del licenciado Ángel Collazo Matos para que lo representara en el pleito y éste presentó la alegación responsiva correspondiente. En la misma, se aceptaron algunas de las alegaciones de la demanda y se negaron otras.

Posteriormente, el señor Villa Mercadante le solicitó la renuncia al licenciado Collazo Matos y contrató los servicios del licenciado Miguel Cuadros. En vísperas de celebrarse la vista en su fondo, Villa Mercadante solicitó la renuncia del licenciado Cuadros y contrató al querellado, licenciado Félix Colón Morera. El licenciado Colón Morera asumió la representación y solicitó posposición de la vista en su fondo. Éste llevó a cabo varias gestiones a favor de su cliente en el pleito, incluyendo la presentación de un informe enmendado de conferencia con antelación al juicio. En el informe enmendado, se amplió el informe original y se modificó la teoría legal caso.

Celebrada la vista en su fondo, recayó sentencia adversa a los intereses del señor Villa Mercadante. El licenciado Colón presentó una moción de determinación de hechos adicionales y además solicitó la regrabación de los procedimientos. Para la tramitación de la apelación recibió, como adelanto, la suma de $2,000 de parte del señor Villa Mercadante. Éste alegó que luego de entregar dicho dinero no tuvo más contacto con el licenciado Colón, ni recibió información alguna del estatus del caso en apelación.

No fue sino hasta que recibió una comunicación de que la casa en que residía, y que era parte de los bienes adjudicados en el pleito de liquidación de la sociedad legal de gananciales, sería vendida en pública subasta que se enteró que el licenciado Colón Morera no había apelado la sentencia de liquidación de bienes gananciales conforme se había acordado. No empece lo anterior, el señor Villa le inquirió al licenciado Colón sobre la posibilidad de demandar a su ex esposa y paralizar el proceso de pública subasta. A esos fines, el licenciado Colón le solicitó y obtuvo del señor Villa Mercadante la cantidad de $1,000 adicionales.

El licenciado Colón presentó, en el pleito de liquidación de bienes gananciales, una moción de relevo de sentencia al amparo de la Regla 49.2 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III. En la misma, solicitó no tan solo el relevo de la sentencia, sino

también, la paralización de la ejecución de la subasta. En esa misma fecha, el licenciado Colón Morera presentó un pleito independiente de nulidad de sentencia, donde esgrimió, fundamentalmente, los mismos planteamientos presentados en la moción bajo la Regla 49.2.

El Tribunal de Primera Instancia denegó la moción de relevo de sentencia —determinación que advino final y firme— más dispuso para la paralización de la ejecución de subasta hasta tanto se resolviera el pleito independiente de nulidad de sentencia. Luego de varios trámites procesales en este caso, recayó sentencia desestimando la demanda de nulidad instada. El tribunal *a quo* concluyó que era improcedente utilizar una demanda de nulidad de sentencia para dejar sin efecto una sentencia final y firme de la cual no se recurrió en alzada. El tribunal le impuso al demandante una sanción de $500 en concepto de honorarios de abogado. Apelada dicha sentencia, el foro apelativo intermedio confirmó al foro primario.

Ante este cuadro fáctico, le ordenamos al Procurador General que presentara la correspondiente querella, lo cual hizo. En la misma, se imputaron dos cargos por alegadas violaciones a los Cánones 18 y 19 de Ética Profesional. El primer cargo, por violación al Canon 18 de los Cánones de Ética Profesional, se basó en el hecho que no se recurrió de la sentencia adversa que originalmente recayó en el pleito de liquidación de la sociedad de bienes gananciales, conforme se había acordado. Además, se le imputó violación

al Canon 18 por la falta de diligencia durante la tramitación de este pleito; específicamente, al someter el informe enmendado de conferencia con antelación al juicio el mismo día de la vista en su fondo, y por haber presentado en dicho caso la moción bajo la Regla 49.2, en sustitución del trámite apelativo. En el segundo cargo, por violación al Canon 19, se adujo que el querellado no mantuvo comunicación adecuada con su cliente durante el periodo en el cual se dictó sentencia y la misma advino final y firme.

El querellado contestó la querella instada y aceptó no haber acudido en alzada de la sentencia dictada según imputado por el Procurador General, así como también no haber mantenido informado a su cliente de estos procesos. Rechazó sin embargo, que constituyera una violación a los Cánones de Ética Profesional haber presentado el informe enmendado de conferencia con antelación al juicio el mismo día de la vista en su fondo, así como tampoco constituía una violación ética haber presentado la moción bajo la Regla 49.2 de las de Procedimiento Civil. Por el contrario, adujo que en la tramitación de dicho litigio actuó correctamente. Señaló como atenuante, que había reembolsado al querellante la cantidad de $2,000.00 pagados por el cliente para tramitar la apelación y que había tenido problemas familiares que afectaron su estado anímico.

El 4 de octubre de 2006, designamos a la licenciada Eliadís Orsini Zayas como comisionada especial para que recibiera la prueba y nos rindiera un informe con sus determinaciones de hechos y las recomendaciones que estimara apropiadas. Ante la comisionada, el querellado aceptó no haber presentado el recurso en alzada así como no haber mantenido adecuada comunicación con su cliente. Éste presentó ante la comisionada una extensa moción de atenuantes, algunos de los cuales son los siguientes: que restituyó los $2,000 que le había adelantado el señor Villa para la tramitación de la apelación, que ha cooperado con el proceso y que "atendió a tiempo todas las etapas de la querella", que admitió los hechos imputados tanto al contestar la querella como el informe del Procurador General, que en todo momento actuó de buena fe, que los hechos imputados son aislados y que ésta es la primera vez que se tramita una querella en su contra[1], que durante los 27 años en que se ha desempeñado como abogado siempre ha actuado éticamente, que goza de buena reputación en la comunidad, que se encuentra afligido, arrepentido y angustiado por los hechos imputados y el trámite de conducta profesional instado en su contra. El Procurador General replicó a la moción de atenuantes, para objetar la aseveración de que el querellado había cooperado durante la tramitación de la querella. Hizo constar que éste

---

[1] No obstante tal aseveración aceptó que fue objeto de una sanción disciplinaria por el ejercicio del notariado. Véase, *In re Ríos Rivera*, 119 D.P.R. 586 (1987).

desatendió los requerimientos iniciales de dicha Oficina al grado que se nos solicitó le ordenásemos que atendiera los mismos so pena de sanciones más severas; lo cual hicimos.

Luego de celebrada una vista sobre los procedimientos donde se estipularon varios hechos, el caso quedó sometido ante la comisionada especial. El 20 de febrero de 2007, la comisionada especial rindió su informe; en el mismo, ésta nos recomendó que el licenciado Colón Morera fuese sancionado con una enérgica reprimenda.

Sometido el caso ante nuestra consideración, pasamos a resolver el mismo.

## II

### A

Los Cánones de Ética Profesional tienen como objetivo propiciar que los abogados se desempeñen, profesional y personalmente, acorde con los más altos principios de conducta decorosa para beneficio de la profesión, de la ciudadanía, y de las instituciones de justicia del país. *In re Pujol Thompson*, res. 19 de junio de 2006, 171 D.P.R. ___, 2007 T.S.P.R. ___, *In re Izquierdo Stella*, 154 D.P.R. 732 (2001).

En innumerables ocasiones hemos expresado que el Canon 18 de los Cánones de Ética Profesional, 4 L.P.R.A. Ap. IX, le impone a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en

general estima adecuada y responsable. *In re Hoffman Mouriño,* res. 7 de mayo de 2007, 171 D.P.R. ___, 2007 T.S.P.R. 115. Este deber se infringe cuando se asume una representación legal consciente de que no puede rendir una labor idónea competente o que no puede prepararse adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. *In re Meléndez Figueroa*, res. 15 de noviembre de 2005, 166 D.P.R. ___, 2005 T.S.P.R. 177; *In re Marini Román*, res. 6 de octubre de 2005, 165 D.P.R. ___, 2005 T.S.P.R. 148; *In re Collazo Maldonado*, res. 3 de abril de 2003, 159 D.P.R. ___, 2003 TSPR 76.

Todo miembro de la profesión legal tiene el ineludible deber de defender los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. *In re Meléndez La Fontaine, ante*; *In re Meléndez Figueroa, supra*; *In re Martínez Miranda*, res. 18 de septiembre de 2003, 160 D.P.R. ___, 2003 T.S.P.R. 149; *In re Alonso Santiago*, res. 13 de septiembre de 2005, 165 D.P.R. ___, 2005 T.S.P.R. 137; *In re Grau Díaz*, 154 D.P.R. 71 (2001). Así también hemos sostenido sin ambages, que aquella actuación negligente que pueda conllevar o en efecto conlleve, la desestimación o archivo de un caso, se configura violatoria del Canon 18. *In re Hoffman Mouriño, ante*; *In re Guadalupe Díaz*, 155 D.P.R. 135, 154-155 (2001). Y así debe ser pues el deber de diligencia profesional del

abogado es del todo incompatible con la desidia, despreocupación y displicencia. *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994).

El deber de diligencia del abogado requiere salvaguardar el derecho a recurrir de una determinación adversa para el cliente; con lo cual, permitir que expire el término de apelación entraña una violación al deber de diligencia que tiene todo abogado. *In re Pujol Thompson*, *ante; In re Collado Maldonado*, res. 3 de abril de 2003, 1 D.P.R. ___, 2003 T.S.P.R. 76; *In re Padilla Pérez*, 135 D.P.R. 770, 776 (1994); *In re Pérez Santiago*, 131 D.P.R. 676 (1992). El hecho que el abogado haya indemnizado a su cliente, no exime a éste del trámite disciplinario por infracción al Código de Ética. *In re Padilla Pérez, ante*, pág. 777; *In re Acosta Grubb*, 119 D.P.R. 595, 604 (1987).

**B**

De otra parte, el Canon 19 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 19 le impone a todo abogado el deber inexcusable de mantener informado a su cliente de todo asunto importante que surja en el trámite de su caso. Dicha obligación constituye un elemento imprescindible en al relación fiduciaria que caracteriza el vínculo abogado-cliente. *In re García Muñoz*, res. 3 de abril de 2007, 170 D.P.R. ___, 2007 T.S.P.R. ___; *In re Criado Vázquez*, 155 D.P.R. 436, 456 (2001), *In re Flores Ayffán*, 150 D.P.R. 907 (2000). Hemos sostenido que dictada una sentencia en un caso que pone fin parcial o totalmente

a la causa de acción, es obligación del abogado informar a su cliente sobre lo acaecido. *In re García Muñoz, supra*; *Colón Prieto v. Géigel*, 115 D.P.R. 232 (1984); *In re Cardona Vázquez*, 108 D.P.R. 6 (1978).

Como vemos, además de ser diligente en la tramitación de una causa, el abogado debe mantener informado a su representado de todas las incidencias importantes del caso. El Canon 19, establece este deber de los abogados al margen del deber de diligencia, por lo que se configura como una obligación ética independiente. Véase, *In re Pujol Thompson*, *ante*; *In re Hernández Pérez*, 25 de septiembre de 2006, 169 D.P.R. ___, 2004 T.S.P.R. 174.

Esta obligación comprende mantener informado al cliente de las gestiones realizadas y del desarrollo de éstas, consultar las cuestiones que no estén dentro ámbito discrecional de la representación legal y cumplir con las instrucciones de los representados. *In re Acosta Grubb*, *ante*. Es por ello que hemos dispuesto que se viola el Canon 19 cuando no se atienden los reclamos de información del cliente, no se le informa del resultado adverso de la gestión encargada, la acción se desestima o se archiva, no se mantiene al cliente al tanto del estado o la situación procesal del caso, o simplemente se niega al cliente información del caso. *Véase, In re Vélez Valentín*, 124 D.P.R. 403 (1989); *Colón Prieto v. Géigel*, 115 D.P.R. 755 (1984); *In re Acevedo Álvarez,* 143 D.P.R. 293 (1995).

Pasemos entonces a aplicar la normativa antes reseñada a los hechos en este caso.

## III

En el caso ante nuestra consideración no hay duda que el querellado, licenciado Colón Morera, incurrió en violaciones a los Cánones 18 y 19 de Ética Profesional, así lo ha admitido él ante este Tribunal. No hay controversia alguna sobre el hecho que el licenciado Colón se comprometió con su cliente en solicitar la revisión de la sentencia dictada en el pleito de liquidación de bienes gananciales, recibió un adelanto monetario para llevar a cabo esa gestión más no cumplió con su encomienda. Ello sin más, configura la violación imputada. Además, no le informó a su cliente del estatus procesal en el que se encontraba dicho caso. Ante la admisión y aceptación de los cargos imputados sólo resta determinar la sanción apropiada.

Al determinar la sanción disciplinaria que habrá de imponerse a un abogado que haya incurrido en conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, podemos tomar en cuenta los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii)

resarcimiento al cliente; y (vii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien a tenor con los hechos. Véase, *In re Quiñones Ayala*, res. 30 de junio de 2005, 164 D.P.R. ___, 2005 T.S.P.R. 99; *In re Montalvo Guzmán*, res. 20 de mayo de 2005, 164 D.P.R. ___, 2005 T.S.P.R. 82; *In re Vélez Barlucea*, 152 D.P.R. 298, 310-11 (2000); *In re Padilla Rodríguez*, 145 D.P.R. 536 (1998). Estos criterios nos sirven de guía al determinar la sanción que procede imponer.

Aplicados los criterios antes mencionados a los hechos en este caso, concluimos que es procedente en esta ocasión imponer como sanción una censura enérgica al querellado con el señalamiento de que en lo sucesivo, seremos más rigurosos de incurrir éste en nuevas violaciones éticas. El licenciado Colón Morera aceptó haber convenido con su cliente apelar la sentencia recaída en el caso de liquidación de bienes gananciales y no lo hizo. De la misma forma, aceptó no haber mantenido informado a su cliente sobre este asunto. Si bien es cierto que el licenciado Colón Morera incurrió en tales desaciertos, censurables por demás, el récord ante nuestra consideración refleja otras gestiones de éste a favor de su cliente en el pleito de liquidación de bienes gananciales, consistentes, aparentemente, con la gestión de solicitar revisión de la sentencia.

Por otro lado, no hay duda que la moción de relevo de sentencia así como la demanda independiente de relevo de sentencia eran claramente improcedentes en derecho, por lo que tal y como concluyeron los foros inferiores, su litigación fue temeraria. Tan es así que el foro primario le impuso a la parte demandante una sanción de $500.00.

Esta es, sin embargo, la primera ocasión en que se insta una querella contra el licenciado Colón, por su gestión profesional de abogado. Éste nos ha expresado su más sincero arrepentimiento por su conducta. Con lo cual, concluimos, como ya indicamos, que estimamos procedente únicamente, como sanción, una censura enérgica, apercibiéndole para que el futuro se ciña estrictamente a las disposiciones de los cánones de ética profesional.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Félix Colón Morera

CP-2006-1

SENTENCIA

San Juan, Puerto Rico, a 23 de agosto de 2007

Por los fundamentos expresados en la Opinión Per Curiam que antecede, los cuales se incorporan íntegramente a la presente, se dicta sentencia censurando enérgicamente al Lcdo. Félix Colón Morera. Se le apercibe a éste que en el futuro debe ceñirse estrictamente a las disposiciones de los Cánones de Ética Profesional, de lo contrario seremos más rigurosos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo