EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Querella |
|---|---|
| Iván Flores Ayffan | 2000 TSPR 123 |

Número del Caso: CP-1999-0007

Fecha: 05/02/2000

Oficina del Procurador General:

Lcda. Edna E. Rodríguez Benítez
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Iván M. Flores Ayffán                    CP-1999-7

PER CURIAM

San Juan, Puerto Rico, a 2 de mayo de 2000

El Procurador General sometió un informe en relación con una queja presentada ante este Tribunal por la Sra. Blanca G. Torres Gerena contra el Lic. Iván Flores Ayffán. En el mismo expresó, en síntesis y en lo pertinente, que la señora Torres Gerena compareció a su Oficina y alegó que el Lic. Flores Ayffán incumplió con los Cánones de Etica Profesional por haber dejado que prescribiera una causa de acción en daños y perjuicios que le había encomendado desde el mes de febrero de 1993 e informarle que estaba trabajando en el caso a pesar de que sabía que el término para incoar la demanda había expirado sin presentar la misma. Ordenamos la radicación de la correspondiente querella.

CP-1999-7

En la querella que radicara, el Procurador General formuló tres cargos contra el Lic. Flores Ayffán por violación al Código de Etica Profesional. Las violaciones se refieren, en primer lugar, al Canon 18, ya que el abogado alegadamente incumplió su deber para con la Sra. Torres Gerena, quien lo contrató para representarla en la causa de acción que tenía contra un tercero, sin que este realizara gestión alguna en ese sentido, permitiendo que transcurriera el término prescriptivo para presentar la misma. En segundo término, el aquí querellado supuestamente violentó las disposiciones del Canon 19, el cual requiere de todo abogado mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso, al no comunicarle las opiniones periciales de los médicos que supuestamente este consultó en la preparación de su caso, y que no le resultaban favorables en la defensa del mismo, y, más aun, al no informarle que su causa había prescrito. Por último, al abogado se le imputó haber violado las disposiciones del Canon 35, al ocultarle al cliente la realidad jurídica de su caso haciéndole falsas representaciones en el sentido de que él estaba trabajando en el mismo.

El Lcdo. Flores Ayffán contestó la referida querella. En la misma, éste sostuvo que le comunicó a la querellante que estaría aceptando su caso tan sólo a los efectos de analizar si era viable o no la presentación de una demanda y no con el fin de presentar la misma. Este sostuvo

haberle indicado a su clienta que, para someter la demanda, era necesario que se le hicieran varias pruebas médicas, a las cuales ésta no se había sometido; no obstante, el abogado no indicó para qué fecha le hizo tal advertencia a la querellante. Además, el Lcdo. Flores Ayffán nos plantea que el Procurador "erró al determinar en su imputación de cargos que la causa de acción de la querellante estaba prescrita, ya que quien debe hacer esa determinación es un Tribunal con competencia".

El 8 de julio de 1999, mediante Resolución a esos efectos, designamos al ex-Juez Superior Agustín Mangual Hernández como Comisionado Especial para atender la querella.

El 4 de octubre de 1999, el Comisionado Especial presentó su informe, en el cual determinó que el 3 de febrero de 1993, la querellante visitó la Funeraria Arecibo Memorial en donde recibió daños por la explosión de una unidad de aire acondicionado, a causa de los cuales fue ingresada en el Hospital Dr. Sulsoni, del cual recibió una factura que no fue cubierta por su plan médico. Además, determinó que el querellado, mediante acuerdo verbal, accedió asumir la representación legal de la querellante.[1] El Lcdo. Flores Ayffán envió dos cartas, una al Hospital Dr. Sulsoni y otra al ajustador de la

---

[1] De hecho, en su informe, el Comisionado Especial determinó que el abogado acordó verbalmente con su clienta

CP-1999-7

Cooperativa de Seguros Múltiples, en las cuales este se identificó como el representante legal de la perjudicada.

El Comisionado también determinó que la Sra. Gerena visitaba con frecuencia la oficina del Lic. Ayffán para inquirir sobre su caso y que, en una ocasión, la secretaria de éste le informó que se había acordado con la compañía aseguradora el pago de treinta y cinco mil dólares de los cuales, le dijeron, veinte mil corresponderían al abogado. La querellante habló con el abogado en varias ocasiones y éste, alegadamente, le aseguró que no había término de prescripción que afectara la presentación del caso.

El 29 de abril de 1996, la querellante firmó unos documentos en los que concedió su autorización para que el abogado recibiera sus récords médicos. Lo próximo que éste le informó fue que no podía hacer nada con su caso ya que esta nunca se había sometido a una prueba de punción pulmonar. El 9 de octubre de 1996, la Sra. Torres Gerena recogió el expediente de su caso en la oficina del abogado.

Pocos días después, el 28 de octubre de 1996, la querellante envió una carta a la Cooperativa de Seguros Múltiples solicitando por escrito la razón por la cual su caso no había sido resuelto. Esta carta fue contestada el 24 de diciembre de 1996. La compañía le informó que el

---

que la reclamación que haría en la demanda sería de trescientos mil dólares ($300,000).

caso fue cerrado ya que el mismo había prescrito al momento en que el Lcdo. Flores Ayffán se comunicó con ellos haciendo la reclamación.

Finalmente, el Comisionado Especial concluyó en su informe que el querellado "no produjo prueba alguna de que, dentro del término prescriptivo de la acción civil que tenía la Sra. Torres Gerena, hubiera hecho una reclamación oportuna para interrumpir dicho término o que radicara la acción en el tribunal correspondiente dentro del mencionado término prescriptivo."

El 26 de octubre de 1999, el abogado querellado compareció ante nos mediante "Moción solicitando término de tiempo para replicar informe del Comisionado Especial". Le concedimos quince días para así hacerlo. Ello no obstante, el abogado querellado nunca compareció ante nos con su escrito en réplica a las determinaciones del Comisionado.

Resolvemos.


I

En el primer cargo, el Procurador General alega que "[e]l abogado Iván Flores Ayffán incumplió el deber que tenía para con la señora Blanca G. Torres Gerena, luego de aceptar representarla en una demanda, al no realizar gestión alguna a favor de su cliente, permitiendo que la causa de acción de dicha persona prescribiera, lesionando, así, los derechos e intereses de dicha parte."

CP-1999-7

El Comisionado concluyó que, en efecto, el licenciado Flores Ayffán había asumido la representación legal de la señora Torres Gerena, con quien llegó a un acuerdo verbal para la presentación de una reclamación contra la funeraria en donde sufrió los daños. El Canon 18 de los de Ética Profesional 4 L.P.R.A. Ap. IX, C. 18, establece, en lo pertinente, que:

> "Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.[...]"

En reiteradas ocasiones hemos advertido a todos los miembros de la profesión legal que tienen la obligación y el deber de defender los intereses del cliente diligentemente con un trato profesional caracterizado por la mayor capacidad, la más devota lealtad y la más completa honradez. In re Cardona Vázquez, 108 D.P.R. 6, 18 (1978); In re Arana Arana, 112 D.P.R. 838, 843 (1982); Colón Prieto v. Géigel, 115 D.P.R. 232, 239 (1984); In re Díaz Alonso, Jr., 115 D.P.R. 755, 764 (1984); In re Acosta Grubb, 119 D.P.R. 595 (1987).

Hemos expresado, además, que incumple con sus deberes para con los clientes el abogado que, luego de aceptar representar a un cliente para la presentación de una

demanda, no hace gestión profesional alguna a favor de su cliente. <u>In re Pagán Ayala</u>, 115 D.P.R. 431 (1984). Además, la indiferencia, desidia, despreocupación, inacción y displicencia de parte de un abogado, como patrón de conducta en relación con asuntos encomendados por algunos clientes, constituye una violación al Canon 18 que aquí nos ocupa. <u>In re Arana Arana</u>, 112 D.P.R. 838 (1982).

En el caso ante nos, el Licenciado Flores Ayffán aceptó la representación legal de la querellante, hecho que quedó evidenciado en las cartas que el propio abogado envió tanto al hospital donde esta fue atendida como por la comunicación que este envió a la compañía aseguradora. A pesar de aceptar dicha representación, éste no realizó ninguna gestión efectiva para someter la demanda ante los tribunales para interrumpir el término prescriptivo de un año que corre contra la querellante en su causa de acción. Incumplió, en consecuencia, con el referido Canon 18.

## II

En segundo lugar, el Procurador le imputa al querellado violar las disposiciones del Canon 19[2] de los de

---

[2] "El abogado debe mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.

Siempre que la controversia sea susceptible de un arreglo o transacción razonable debe aconsejar al cliente el evitar o terminar el litigio, y es deber del abogado notificar a su cliente de cualquier oferta de transacción hecha por la otra parte.

CP-1999-7

Etica Profesional, 4 L.P.R.A. Ap. IX, C. 19, que requiere de todo abogado mantener a su cliente <u>siempre informado de todo asunto importante</u> que surja en el desarrollo del caso que le ha sido encomendado; al no comunicarle a la señora Torres Gerena la opinión pericial que alegadamente le ofrecieron los médicos a quienes supuestamente consultó en su preparación para radicar la demanda; ni comunicarle el hecho de que la acción había prescrito estando el asunto bajo su atención.

Nos hemos pronunciado ya en torno a que el abogado que acepta un caso y no demuestra la competencia y diligencia que exige el ejercicio de la abogacía, y que no mantiene al cliente informado de todo asunto importante que surja en el desarrollo del caso, <u>incurre en violación tanto a lo dispuesto en el Canon 18 como el Canon 19</u>. <u>In re: Rosario</u>, 116 D.P.R. 462 (1985).

Hemos expresado, además, que un abogado no sólo debe representar a su cliente con fidelidad, lealtad y diligencia, sino que debe mantenerlo informado de todo asunto importante que surja en el desarrollo del caso cuya atención le ha sido encomendada. <u>In re Cardona Vázquez</u>, 108 D.P.R. 6, (1978). En otras palabras, el abogado debe mantener informado a su cliente de las gestiones realizadas y del desarrollo de los asuntos a su cargo,

---

El abogado que representa varios clientes con intereses comunes o relacionados entre sí no debe transigir ninguno de los casos envueltos sin que cada cliente esté enterado de dicha transacción y sus posibles consecuencias."

consultándole cualquier duda sobre asuntos que no caigan en el ámbito discrecional, y dentro de los medios permisibles, cumplir con sus instrucciones. Canon 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. In re Pagán Ayala, 109 D.P.R. 712 (1980); In re Díaz Alonso, Jr., supra.

En el caso de marras, el Licenciado Flores Ayffán violentó las disposiciones del citado Canon 19 al mantener a su clienta a oscuras de todo tipo de negociación que éste pudo haber llevado a cabo o de la necesidad de cualquier prueba adicional que era necesaria para someter el caso ante la consideración de un tribunal de justicia. Además, la evidencia presentada refleja que la querellante se comunicó en reiteradas ocasiones con la oficina de su abogado sin que éste le contestara sus llamadas. Con esta conducta el abogado querellado evidentemente violó el Canon 19 del Código de Etica Profesional. In re: Maduro Classen, res. el 7 de marzo de 1997, 142 D.P.R. ___ (1997).

## III

Por último, el Procurador presentó un tercer cargo contra el licenciado Flores Ayffán por alegadamente violentar las disposiciones del Canon 35 de los de Etica Profesional, 4 L.P.R.A. Ap. IX, C. 35 al "ocultarle a su cliente la realidad jurídica de lo sucedido con el caso que ella le encomendó, haciéndole falsas representaciones

de que dicho caso se estaba trabajando, a sabiendas de que el mismo había prescrito." Dicho Canon, en lo pertinente dispone que: "[l]a conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros <u>debe ser sincera y honrada</u>. No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad [...]" (Enfasis suplido.) Resulta evidente que el abogado querellado no fue ni sincero ni honrado con su clienta.

IV

Los cargos contra el querellado revelan descuido y negligencia en el cumplimiento de sus obligaciones como abogado, en perjuicio de su clienta al punto que ésta perdió cualquier posibilidad de presentar su causa de acción. Las determinaciones de hecho del Comisionado Especial demuestran que el querellado incumplió su deber de ser diligente en la tramitación de su caso y mantener a su clienta informada.

Por los fundamentos expuestos, decretamos la <u>suspensión indefinida</u> de Iván M. Flores Ayffán del ejercicio de la abogacía y le imponemos el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además,

CP-1999-7

certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

Se dictará Sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**


In re:

Iván M. Flores Ayffán                    CP-1999-7


**SENTENCIA**


San Juan, Puerto Rico, a 2 de mayo de 2000


Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la profesión de abogado, y de la notaría, del Lcdo. Iván Flores Ayffán, a partir de la notificación de la presente Opinión y hasta tanto otra cosa disponga este Tribunal. Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial del Lcdo. Iván Flores Ayffán, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Fuster Berlingeri no intervinieron.


**Isabel Llompart Zeno**
Secretaria del Tribunal Supremo