per curiam:
El Procurador General de Puerto Rico pre-sentó un informe ante nuestra consideración referente a cierta conducta del Lie. Félix Colón Morera, que se alegó podía constituir una violación de los Cánones 18 y 19 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. El informe del Procurador General se basó en una queja que presen-tara ante dicha oficina el Sr. Giuseppe Villa Mercadante. En *52 su queja, el señor Villa Mercadante le indicó al Procurador General que había contratado los servicios del licenciado Colón Morera para que le representara en un pleito de divi-sión de sociedad de bienes gananciales presentado por su ex esposa y que éste no había acudido en alzada de la sentencia desfavorable recaída, a pesar de haber solicitado y recibido un adelanto de $2,000 para efectuar dicho trámite.
I
El señor Villa Mercadante informó que el enero de 1999 había sido demandado por su ex esposa en una demanda de liquidación de la Sociedad Legal de Bienes Gananciales. En ese momento, el señor Villa Mercadante contrató los servicios profesionales del Lie. Ángel Collazo Matos para que lo representara en el pleito y éste presentó la alegación responsiva correspondiente. En ésta se aceptaron algunas de las alegaciones de la demanda y se negaron otras.
Posteriormente, el señor Villa Mercadante le solicitó la renuncia al licenciado Collazo Matos y contrató los servicios del Lie. Miguel Cuadros. En vísperas de celebrarse la vista en su fondo, Villa Mercadante solicitó la renuncia del licen-ciado Cuadros y contrató al querellado, Lie. Félix Colón Morera. El licenciado Colón Morera asumió la representa-ción y solicitó posposición de la vista en su fondo. Éste llevó a cabo varias gestiones a favor de su cliente en el pleito, incluyendo la presentación de un informe enmendado de conferencia con antelación al juicio. En el informe enmen-dado se amplió el informe original y se modificó la teoría legal del caso.
Celebrada la vista en su fondo, recayó sentencia ad-versa a los intereses del señor Villa Mercadante. El licen-ciado Colón Morera presentó una moción de determinación de hechos adicionales y además solicitó la regrabación de los procedimientos. Para la tramitación de la apelación re-cibió, como adelanto, $2,000 de parte del señor Villa Mercadante. Éste alegó que luego de entregar dicho dinero *53 no tuvo más contacto con el licenciado Colón Morera ni recibió información alguna del estatus del caso en apelación.
No fue sino hasta que recibió una comunicación de que la casa en que residía, y que era parte de los bienes adju-dicados en el pleito de liquidación de la Sociedad Legal de Bienes Gananciales, sería vendida en subasta pública cuando se enteró que el licenciado Colón Morera no había apelado la sentencia de liquidación de los bienes ganancia-les conforme se había acordado. No empece lo anterior, el señor Villa Mercadante inquirió al licenciado Colón Morera sobre la posibilidad de demandar a su ex esposa y parali-zar el proceso de pública subasta. A esos fines, el licenciado Colón Morera le solicitó y obtuvo del señor Villa Merca-dante $1,000 adicionales.
El licenciado Colón Morera presentó, en el pleito de li-quidación de los bienes gananciales, una moción de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III. En ésta solicitó no tan sólo el relevo de la sentencia, sino también, la paralización de la ejecución de la subasta. En esa misma fecha, el licenciado Colón Morera presentó un pleito independiente de nulidad de sentencia, donde esgrimió, fundamentalmente, los mis-mos planteamientos presentados en la moción al amparo de la Regla 49.2, ante.
El Tribunal de Primera Instancia denegó la moción de relevo de sentencia —determinación que advino final y fir-me— más dispuso para la paralización de la ejecución de subasta hasta tanto se resolviera el pleito independiente de la nulidad de sentencia. Luego de varios trámites pro-cesales, recayó sentencia desestimando la demanda de nu-lidad instada. El tribunal a quo concluyó que era improce-dente utilizar una demanda de nulidad de sentencia para dejar sin efecto una sentencia final y firme de la cual no se recurrió en alzada. El tribunal le impuso al demandante una sanción de $500 en honorarios de abogado. Apelada *54 dicha sentencia, el foro apelativo intermedio confirmó al foro primario.
Ante este cuadro fáctico, le ordenamos al Procurador General que presentara la correspondiente querella, lo cual hizo. En ésta se imputaron dos cargos por alegadas violaciones a los Cánones 18 y 19 del Código de Ética Pro-fesional, ante. El primer cargo, por violación al Canon 18, se basó en el hecho de que no se recurrió de la sentencia adversa que originalmente recayó en el pleito de liquida-ción de la Sociedad Legal de Bienes Gananciales, conforme se había acordado. Además, se le imputó violación al Canon 18 por la falta de diligencia durante la tramitación de este pleito; específicamente, al someter el informe enmen-dado de conferencia con antelación al juicio el mismo día de la vista en su fondo, y por haber presentado en dicho caso la moción al amparo de la Regla 49.2 de Procedimiento Civil, ante, en sustitución del trámite apelativo. En el se-gundo cargo, por violación al Canon 19, se adujo que el querellado no mantuvo comunicación adecuada con su cliente durante el periodo en el cual se dictó sentencia y ésta advino final y firme.
El querellado contestó la querella instada y aceptó no haber acudido en alzada de la sentencia dictada según im-putado por el Procurador General, así como también no haber mantenido informado a su cliente de estos procesos. Rechazó sin embargo, que constituyera una violación a los Cánones de Ética Profesional haber presentado el informe enmendado de conferencia con antelación al juicio el mismo día de la vista en su fondo, así como tampoco cons-tituía una violación ética haber presentado la moción al amparo de la Regla 49.2 de Procedimiento Civil, ante. Por el contrario, adujo que en la tramitación de dicho litigio actuó correctamente. Señaló como atenuante, que había re-embolsado al querellante $2,000 pagados por el cliente para tramitar la apelación y que había tenido problemas familiares que afectaron su estado anímico.
*55 El 4 de octubre de 2006 designamos a la Lie. Eliadís Orsini Zayas como comisionada especial para que recibiera la prueba y nos rindiera un informe con sus determinacio-nes de hechos y las recomendaciones que estimara apropiadas. Ante la comisionada, el querellado aceptó no haber presentado el recurso en alzada así como no haber mantenido adecuada comunicación con su cliente. Éste presentó ante la comisionada una extensa moción de ate-nuantes, algunos de los cuales son los siguientes: que res-tituyó los $2,000 que le había adelantado el señor Villa Mercadante para la tramitación de la apelación; que ha cooperado con el proceso y que “atendió a tiempo todas las etapas de la querella”; que admitió los hechos imputados tanto al contestar la querella como en el informe del Pro-curador General; que en todo momento actuó de buena fe; que los hechos imputados son aislados y que ésta es la primera vez que se tramita una querella en su contra;(1) que durante los 27 años en que se ha desempeñado como abogado siempre ha actuado éticamente; que goza de buena reputación en la comunidad; que se encuentra afli-gido, arrepentido y angustiado por los hechos imputados y el trámite de conducta profesional instado en su contra. El Procurador General replicó a la moción de atenuantes, para objetar la aseveración de que el querellado había co-operado durante la tramitación de la querella. Hizo cons-tar que éste desatendió los requerimientos iniciales de dicha Oficina al grado que se nos solicitó le ordenásemos que los atendiera so pena de sanciones más severas, lo cual hicimos.
Luego de celebrada una vista sobre los procedimientos donde se estipularon varios hechos, el caso quedó sometido ante la comisionada especial. El 20 de febrero de 2007 la comisionada especial rindió su informe; en éste nos reco- *56 mendó que el licenciado Colón Morera fuese sancionado con una enérgica reprimenda.
Sometido el caso ante nuestra consideración, pasamos a resolverlo.
HH I — H
A. Los cánones del Código de Ética Profesional tienen como objetivo propiciar que los abogados se desempeñen, profesional y personalmente, acorde con los más altos principios de conducta decorosa para beneficio de la profesión, de la ciudadanía, y de las instituciones de justicia del país. In re Pujol Thompson, 171 D.P.R. 683 (2007); In re Izquierdo Stella, 154 D.P.R. 732 (2001).
En innumerables ocasiones hemos expresado que el Canon 18 del Código de Ética Profesional, ante, le impone a todo abogado el deber de desempeñarse de forma capaz y diligente al defender los intereses de su cliente, desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. In re Hoffman Mouriño, 171 D.P.R. 567 (2007). Este deber se infringe cuando se asume una representación legal consciente de que no puede rendir una labor idónea competente o que no puede prepararse adecuadamente para el caso sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia. In re Meléndez Figueroa, 166 D.P.R. 199 (2005); In re Marini Román, 165 D.P.R. 801 (2005); In re Collazo I, 159 D.P.R. 141 (2003).
Todo miembro de la profesión legal tiene el ineludible deber de defender los intereses de su cliente con el compromiso de emplear la mayor capacidad, lealtad, responsabilidad, efectividad y la más completa honradez. In re Meléndez La Fontaine, 167 D.P.R. 111 (2006); In re Meléndez Figueroa, ante; In re Alonso Santiago, 165 D.P.R. 555 (2005); In re Martínez Miranda, 160 D.P.R. 263 (2003); *57 In re Grau Díaz, 154 D.P.R. 70 (2001). Así también hemos sostenido sin ambages, que aquella actuación negligente que pueda conllevar o en efecto conlleve la desestimación o archivo de un caso, se configura como violatoria del Canon 18 del Código de Ética Profesional, ante. In re Hoffman Mouriño, ante; In re Guadalupe, Colón, 155 D.P.R. 135, 154-155 (2001). Y así debe ser, pues el deber de diligencia profesional del abogado es del todo incompatible con la desidia, despreocupación y displicencia. In re Padilla Pérez, 135 D.P.R. 770, 776 (1994).
El deber de diligencia del abogado requiere salvaguardar el derecho a recurrir de una determinación adversa para el cliente; por lo cual, permitir que expire el término de apelación entraña una violación al deber de diligencia que tiene todo abogado. In re Pujol Thompson, ante; In re Collado I, ante; In re Padilla Pérez, ante; In re Pérez Santiago, 131 D.P.R. 676 (1992). El hecho de que el abogado haya indemnizado a su cliente, no lo exime del trámite disciplinario por infracción al Código de Ética. In re Padilla Pérez, ante, pág. 777; In re Acosta Grubb, 119 D.P.R. 595, 604 (1987).
B. Por otra parte, el Canon 19 del Código de Ética Profesional, ante, impone a todo abogado el deber inexcusable de mantener informado a su cliente de todo asunto importante que surja en el trámite de su caso. Dicha obligación constituye un elemento imprescindible en la relación fiduciaria que caracteriza el vínculo abogadocliente. In re García Muñoz, 170 D.P.R. 780 (2007); In re Criado Vázquez, 155 D.P.R. 436, 456 (2001); In re Flores Ayffán, 150 D.P.R. 907 (2000). Hemos sostenido que dictada una sentencia en un caso que pone fin parcial o totalmente a la causa de acción, es obligación del abogado informar a su cliente sobre lo acaecido. In re García Muñoz, ante; Colón Prieto v. Géigel, 115 D.P.R. 232 (1984); In re Cardona Vázquez, 108 D.P.R. 6 (1978).
*58 Como vemos, además de ser diligente en la tramitación de una causa, el abogado debe mantener informado a su representado de todas las incidencias importantes del caso. El Canon 19, establece este deber de los abogados al margen del deber de diligencia, por lo que se configura como una obligación ética independiente. Véanse: In re Pujol Thompson, ante; In re Hernández Pérez I, 169 D.P.R. 91 (2006).
Esta obligación comprende mantener informado al cliente de las gestiones realizadas y del desarrollo de éstas, consultar las cuestiones que no estén dentro del ámbito discrecional de la representación legal y cumplir con las instrucciones de los representados. In re Acosta Grubb, ante. Es por ello que hemos dispuesto que se viola el Canon 19 cuando: no se atienden los reclamos de información del cliente; no se le informa del resultado adverso de la gestión encargada, la acción se desestima o se archiva; no se mantiene al cliente al tanto del estado o la situación procesal del caso, o simplemente se niega al cliente información del caso. Véanse: In re Acevedo Álvarez, 143 D.P.R. 293 (1995); In re Vélez Valentín, 124 D.P.R. 403 (1989); Colón Prieto v. Géigel, 115 D.P.R. 232 (1984).
Pasemos entonces a aplicar la normativa antes rese-ñada a los hechos en este caso.
HH HH
En el caso ante nuestra consideración no hay duda de que el querellado, licenciado Colón Morera, incurrió en vio-laciones a los Cánones 18 y 19 del Código de Ética Profe-sional, así lo ha admitido él ante este Tribunal. No hay controversia alguna sobre el hecho que el licenciado Colón Morera se comprometió con su cliente en solicitar la revi-sión de la sentencia dictada en el pleito de liquidación de bienes gananciales, recibió un adelanto monetario para lle- *59 var a cabo esa gestión, mas no cumplió con su encomienda. Ello sin más configura la violación imputada. Además, no le informó a su cliente del estatus procesal en el que se encontraba dicho caso. Ante la admisión y aceptación de los cargos imputados sólo resta determinar la sanción apropiada.
Al determinar la sanción disciplinaria que habrá de imponerse a un abogado que haya incurrido en conducta reñida con los postulados éticos que guían el desempeño en la profesión legal, podemos tomar en cuenta los siguientes factores: (i) la buena reputación del abogado en la comunidad; (ii) el historial previo de éste; (iii) si ésta constituye su primera falta y si ninguna parte ha resultado perjudicada; (iv) la aceptación de la falta y su sincero arrepentimiento; (v) si se trata de una conducta aislada; (vi) el ánimo de lucro que medió en su actuación; (vii) resarcimiento al cliente, y (viii) cualesquiera otras consideraciones, ya bien atenuantes o agravantes, que medien de acuerdo con los hechos. Véanse: In re Quiñones Ayala, 165 D.P.R. 138 (2005); In re Montalvo Guzmán, 164 D.P.R. 806 (2005); In re Vélez Barlucea, 152 D.P.R. 298, 310-11 (2000); In re Padilla Rodríguez, 145 D.P.R. 536 (1998). Estos criterios nos sirven de guía al determinar la sanción que procede imponer.
Aplicados los criterios antes mencionados a los hechos en este caso, concluimos que es procedente en esta ocasión imponer como sanción una censura enérgica al querellado con el señalamiento de que en lo sucesivo seremos más rigurosos de éste incurrir en nuevas violaciones éticas. El licenciado Colón Morera aceptó haber convenido con su cliente apelar la sentencia recaída en el caso de liquidación de bienes gananciales y no lo hizo. De la misma forma, aceptó no haber mantenido informado a su cliente sobre este asunto. Si bien es cierto que el licenciado Colón Mo-rera incurrió en tales desaciertos, censurables por demás, *60 el expediente ante nuestra consideración refleja otras ges-tiones suyas a favor de su cliente en el pleito de liquidación de bienes gananciales, compatibles, aparentemente, con la gestión de solicitar revisión de la sentencia.
Por otro lado, no hay duda de que la moción de relevo de sentencia así como la demanda independiente de relevo de sentencia eran claramente improcedentes en derecho, por lo que tal y como concluyeron los foros inferiores, su litiga-ción fue temeraria. Tan es así que el foro primario le im-puso a la parte demandante una sanción de $500.
Esta es, sin embargo, la primera ocasión en que se insta una querella contra el licenciado Colón Morera, por su ges-tión profesional de abogado. Éste nos ha expresado su más sincero arrepentimiento por su conducta. Con lo cual, con-cluimos, como ya indicamos, que estimamos procedente únicamente, como sanción, una censura enérgica, aperci-biéndole para que el futuro se ciña estrictamente a las dis-posiciones de los cánones de ética profesional.

Se dictará sentencia de conformidad.

 No obstante tal aseveración, aceptó que fue objeto de una sanción disciplina-ria por el ejercicio del notariado. Véase In re Ríos Rivera, 119 D.P.R. 586 (1987).