EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2012 TSPR 153 |
| | 186 DPR ____ |
| José Francois Soto Charraire | |

Número del Caso: CP-2010-11

Fecha: 16 de octubre de 2012

Abogado de la Parte Peticionaria:

      Por derecho propio

Oficina del Procurador General:

      Lcda. Zaira Girón Anadón
      Subprocuradora General

      Lcda. Minnie H. Rodríguez López
      Procuradora General Auxiliar

Materia: Conducta Profesional – Se ordena el archivo por falta de prueba, clara, robusta y convincente en cuanto a violación del Canon 18 de Ética Profesional.  Se ordena investigar si procede querella por violación al Canon 20

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

José Francois Soto Charraire          CP-2010-11


PER CURIAM

San Juan, Puerto Rico, a 16 de octubre de 2012.

Tenemos ante nuestra consideración una querella presentada contra un abogado en la que se alega que su falta de diligencia ocasionó que no se consumara un divorcio por la causal de consentimiento mutuo entre la querellante, la Sra. Martha E. Baker Ruiz, y el Sr. Rubén O. Ferrero Bravo. En ese caso, el ex cónyuge de la querellante se retractó de lo acordado y solicitó el desistimiento de la petición de divorcio, para luego solicitar el divorcio por la causal de separación. Por entender que lo alegado no se demostró mediante prueba clara, robusta y convincente, ordenamos el archivo de la querella presentada contra el Lcdo. José Francois Soto Charraire.

I.

El licenciado Soto Charraire fue admitido al ejercicio de la abogacía y de la notaría en 1970. En 2008 la señora Baker Ruiz presentó una queja en su contra. En esencia, alegó que lo contrató para que la representara en un caso de divorcio por la causal de consentimiento mutuo, pero que este no se consumó debido a la falta de diligencia del abogado. Especificó que el licenciado Soto Charraire desatendió su caso por un período de cinco meses, mientras representaba por cuenta propia al entonces esposo de la querellante y la sociedad legal de gananciales compuesta por ambos, en un pleito civil incoado contra ellos. Al respecto, aseguró que ese caso competía únicamente al señor Ferrero Bravo y que este ya tenía representación legal. Además, añadió que el abogado no presentó a tiempo la Petición de Divorcio ante el Tribunal y que no cumplimentó correctamente la Planilla de Información Personal y Económica (PIPE) requerida para ello. Finalmente, adujo que solicitó al abogado su renuncia, así como la devolución de los honorarios pagados y su expediente, pero que él no cumplió con lo solicitado.

La queja fue notificada al licenciado Soto Charraire y él la contestó dentro del término concedido. Según le fue ordenado, la Oficina del Procurador General presentó un informe de violaciones, al cual el abogado reaccionó oportunamente. En sus comparecencias, el licenciado Soto Charraire negó lo alegado por la querellante. Adujo que las

partes lo autorizaron a intervenir en el pleito civil mencionado y acordaron que el abogado del señor Ferrero Bravo, el Lcdo. Catalino Soto Hestres, fuera el encargado de presentar la Petición de Divorcio ante el Tribunal. Respecto a la renuncia solicitada por la señora Baker Ruiz, alegó que la invitó a su oficina para retomar el caso o, de ello no ser posible, entregarle su expediente, pero ella no aceptó su invitación. Además, sostuvo que los honorarios cobrados estaban debidamente justificados, por lo que no procedía su devolución. Para apoyar su alegación, presentó un desglose de las gestiones realizadas y el tiempo invertido en cada una.

Luego de estudiar el informe y las reacciones de ambas partes, ordenamos al Procurador General formular cargos contra el licenciado Soto Charraire por violación al Canon 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Según lo ordenado, el Procurador General presentó la querella e imputó al abogado lo siguiente:

> El Lic. José Francois Soto violó las disposiciones del Canon 18 [del Código] de Ética Profesional el cual, entre otras cosas, obliga a todo abogado a defender diligentemente los intereses de su cliente desplegando en cada caso su más profundo saber y habilidad, y actuando en aquella forma en que la profesión jurídica en general estima adecuada y responsable.

En su explicación del cargo imputado, el Procurador General también concluyó que el abogado violó el Canon 18 de Ética Profesional, *supra,* "toda vez que no rembolsó a la querellante los honorarios cobrados por este al no haber trabajado diligentemente el caso, ni tampoco solicitó la

renuncia al tribunal de su representación legal tal y como ésta se lo ha solicitado en varias ocasiones".[1]

Luego de que el licenciado Soto Charraire contestara la querella, nombramos como Comisionado Especial al Lcdo. Rubén Torres Dávila, quien celebró una vista en su fondo y emitió un informe. Durante la vista, solo testificó la señora Baker Ruiz. El Comisionado Especial encontró que, para noviembre de 2007, la Petición de Divorcio estaba debidamente juramentada. Sin embargo, existía un impedimento en cuanto a la división de los bienes gananciales: el único bien inmueble del matrimonio estaba a punto de venderse en ejecución en pública subasta como consecuencia de una sentencia recaída en su contra en un caso civil de daños. El monto debido alcanzaba los doscientos cinco mil dólares ($205,000). El licenciado Soto Charraire intervino en el caso civil mencionado y negoció con los abogados de la parte demandante para transigir el pleito por sesenta mil dólares ($60,000) y liberar el bien inmueble. Por estas gestiones, el querellado no cobró honorario alguno.

---

[1] La oración que sigue a la frase antes citada, y que constituye la última oración sobre la descripción del cargo que pesa contra el licenciado Soto Charraire, dice lo siguiente: "Todo lo anterior apunta a que el licenciado **Rodríguez Cora** incurrió en violación al Canon 18 de Ética Profesional". (Énfasis suplido). Es la primera y única vez que la querella se refiere a un "licenciado Rodríguez Cora". Evidentemente, el Procurador General nombró incorrectamente el abogado querellado. Exhortamos a la Oficina del Procurador General a tener más cautela al momento de formular querellas que podrían conllevar serias sanciones disciplinarias contra abogados.

En cuanto al caso de divorcio, el Comisionado Especial concluyó que el trámite fluyó normalmente desde la contratación del licenciado Soto Charraire en agosto de 2007, hasta noviembre de 2007, cuando el abogado del señor Ferrero Bravo, el licenciado Soto Hestres, sufrió un accidente. Ello dificultó la comunicación entre ambos abogados. A pesar de que las partes conocían de la incapacidad física temporera de este último, nadie reclamó sustitución o renuncia de abogado para continuar los procedimientos.

Según el Comisionado Especial, la prueba desfilada en la vista demostró que las comunicaciones sobre el divorcio se reiniciaron en enero de 2008. Faltaba presentar la PIPE de la señora Baker Ruiz junto a la Petición de Divorcio, por lo cual ella le escribió al querellado reclamando por su *alegada* falta de ayuda para cumplimentar ese requisito. El abogado del señor Ferrero Bravo se rehabilitó en abril de 2008. Luego de celebrar reuniones entre las partes, se presentó finalmente la Petición de Divorcio y el foro primario señaló la vista en sus méritos para ese mismo mes. Sin embargo, la vista no se ventiló porque el señor Ferrero Bravo se retractó del acuerdo y desistió de la petición. Así pues, el Tribunal de Primera Instancia dictó Sentencia decretando el archivo de la Petición de Divorcio por desistimiento. En mayo de 2008 el señor Ferrero Bravo solicitó al licenciado Soto Hestres que renunciara a su representación legal y contrató al Lcdo. Daniel Muñoz

Fernós. Así las cosas, en julio de 2008 el licenciado Soto Charraire inició gestiones para negociar con el licenciado Muñoz Fernós, quien le informó que el señor Ferrero Bravo quería divorciarse por la causal de separación.

En agosto de 2008 la señora Baker Ruiz cursó una carta al licenciado Soto Charraire en la que le solicitó la renuncia y el rembolso de los dos mil dólares ($2,000) que le pagó en concepto de honorarios. Se quejó de que el divorcio no se consumó por la falta de gestión del abogado. Surge del expediente que, cuatro días después, el licenciado Soto Charraire contestó la carta de la señora Baker Ruiz y la invitó a pasar por su oficina para discutir el asunto.[2] En septiembre de 2008 la señora Baker Ruiz escribió nuevamente al abogado solicitándole su renuncia.[3] El licenciado Soto Charraire le envió una carta en la que detalló sus gestiones y le sugirió intentar renegociar el divorcio por consentimiento mutuo. De no estar de acuerdo, le pidió que llamara a la oficina para coordinar la devolución de su expediente.[4] Lo próximo que surge del expediente y de las determinaciones de hecho del Comisionado Especial es la presentación de la queja por la señora Baker Ruiz en contra del abogado, en octubre de 2008.

---

[2] Carta del licenciado Soto Charraire a la señora Baker Ruiz del 12 de agosto de 2008.

[3] Carta de la señora Baker Ruiz al licenciado Soto Charraire del 15 de septiembre de 2008.

[4] Carta del licenciado Soto Charraire a la señora Baker Ruiz del 25 de septiembre de 2008.

Luego de evaluar la prueba desfilada, el Comisionado Especial no avaló la alegación de la querellante de que el no haberse presentado la demanda con anterioridad y la no presentación de la PIPE provocaron que su esposo se retractara de los acuerdos pactados y desistiera de la demanda radicada. En fin, **el Comisionado Especial determinó que no existía prueba clara, robusta y convincente de que el licenciado Soto Charraire abandonó totalmente la representación legal de la querellante ni de que la desatendió. Así pues, determinó que no se probó que el querellado hubiera violado el Canon 18 del Código de Ética Profesional,** *supra,* **por lo que no procedía sancionarlo.**

Sin embargo, el Comisionado Especial señaló que no surgía del expediente que el licenciado Soto Charraire hubiera renunciado a la representación legal tal y como se lo solicitó la señora Baker Ruiz, ni le hubiera entregado su expediente. Sostuvo que el licenciado Soto Charraire, como abogado, "debe cumplir con los cánones renunciando si no lo ha hecho aun a la representación legal de la querellante. También entregándole su expediente". Por último, recomendó que ordenáramos al licenciado Soto Charraire devolver a la querellante la mitad de los honorarios cobrados, pues los trámites del divorcio no finalizaron con él.

## II.

El Código de Ética Profesional recoge unas normas mínimas de conducta que promueven en los abogados un desempeño personal y profesional de acuerdo a los más altos

principios de conducta decorosa para beneficio de la ciudadanía, de la profesión y de las instituciones de justicia del país. In re Mulero Fernandez, 174 D.P.R. 18, 28 (2008); In re Colón Morera, 172 D.P.R. 49, 56 (2007); In re Izquierdo Stella, 154 D.P.R. 732, 736-737 (2001). En lo pertinente a la querella que nos ocupa, el Canon 18 del Código de Ética Profesional, *supra*, establece lo siguiente:

> Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.

> Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable. Íd.

Vemos, pues, que este Canon impone a todo abogado el deber de ser competente, cuidadoso y diligente al tramitar los asuntos que su cliente le encomienda y al defender los intereses de este último. In re Plaud González, 181 D.P.R. 874, 886-887 (2011); In re Mulero Fernández, *supra*, págs. 29-30. Este deber de diligencia "es incompatible con la desidia, despreocupación, inacción y displicencia". In re Mulero Fernandez, *supra,* pág. 30; In re Padilla Pérez, 135 D.P.R. 770, 775 (1994). Por eso, el abogado que acepta representar a un cliente para la presentación de una demanda, pero no hace gestión profesional alguna a favor de su cliente ni lo mantiene informado del desarrollo del caso, incurre en una violación ética. In re Alonso Santiago, 165 D.P.R. 555, 563 (2005); In re Flores Ayffan, 150 D.P.R. 907,

913 (2000). Igualmente, aquella actuación negligente que conlleve o pueda conllevar la desestimación o el archivo de un caso constituye una violación al Canon 18, *supra*. In re Zayas Nieves, 181 D.P.R. 49, 55 (2011); In re Santos Rivera, 172 D.P.R. 703, 709 (2008); In re Vilches López, 170 D.P.R. 793, 798 (2007). Un ejemplo de esta conducta antiética es desatender o abandonar el caso. In re Santos Rivera, 172 D.P.R. 703, 709 (2008); In re Flores Ayffan, *supra*, pág. 914; In re Vilches López, *supra*.

Al evaluar si un abogado incurrió en alguna falta ética, debemos tener presente que los abogados tienen un interés propietario en el ejercicio de la abogacía. In re Martínez Almodóvar, 180 D.P.R. 805, 821 (2011); In re Ríos Ríos, 175 D.P.R. 57, 75 (2008). Los procesos disciplinarios constituyen una interferencia con un derecho fundamental: el derecho de los abogados a ganarse el sustento. In re Martínez Almodóvar, *supra*; In re Caratini Alvarado, 153 D.P.R. 575, 584-585 (2001). Por ello, todo abogado tiene derecho a las garantías del debido proceso de ley en los procedimientos disciplinarios en que esté en juego su licencia. Íd.

Partiendo de lo anterior, hemos sostenido que en los procedimientos disciplinarios contra abogados se requiere presentar prueba clara, robusta y convincente, no afectada por reglas de exclusión ni a base de conjeturas. In re Caratini Alvarado, *supra,* citando a P.P.D. v. Admor. Gen. de Elecciones, 111 D.P.R. 199, 227 (1981). Este estándar

probatorio se ha descrito como aquella evidencia que produce en el juzgador una convicción de que las alegaciones fácticas son altamente probables. In re Martínez Almodóvar, *supra*, pág. 820; In re Rodríguez Mercado, 165 D.P.R. 630, 641 (2005).

Otra garantía del debido proceso de ley que le asiste al abogado querellado es que se le notifique adecuadamente los cargos que pesan en su contra. In re Martínez Almodóvar, *supra*, pág. 821; In re Ríos Ríos, *supra*; Salvá Santiago v. Torres Padró, 171 D.P.R. 332, 343 (2007). Al respecto, resolvimos recientemente que enmendar tácitamente la querella, a base de la prueba presentada, para sancionar a un abogado por violaciones al Código de Ética Profesional, *supra,* que no fueron imputadas en la querella, viola el debido proceso de ley del querellado. In re Pérez Riveiro, 180 D.P.R. 193, 200-201 (2010). Lo contrario le negaría su derecho a preparar una defensa adecuada y velar por su sustento. Íd. En ese caso, como norma general, el Tribunal deberá ordenar al Procurador General investigar si procede presentar una queja nueva para iniciar un procedimiento disciplinario separado donde el abogado pueda defenderse y presentar prueba a su favor sobre la conducta distinta a la imputada originalmente. In re Martínez Almodóvar, *supra*, 825-26; In re Pérez Riveiro, *supra*.

Sin embargo, el Tribunal podrá, si lo entiende apropiado, evaluar la conducta antiética identificada luego de iniciado el procedimiento disciplinario, cuando surja del

expediente que se le han salvaguardado al abogado querellado todas las garantías que emanan del debido proceso de ley. In re Martínez Almodóvar, *supra*, págs. 825-26. Para ello, se considerará si se notificó adecuadamente al abogado la conducta impropia adicional, si se le brindó oportunidad de presentar prueba a su favor y si se le permitió examinar la prueba presentada en su contra y contrainterrogar los testigos presentados por la parte contraria. Íd., pág. 825.

Por último, hemos reiterado que las determinaciones de hecho que un Comisionado Especial haga en un procedimiento disciplinario merecen nuestra deferencia. In re Deynes Soto, 164 D.P.R. 327, 336 (2005). Consecuentemente, no alteraremos las determinaciones de hecho del Comisionado Especial, a menos que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba. In re Peña Peña, 153 D.P.R. 642, 657 (2001); In re Astacio Caraballo, 149 D.P.R. 790, 800 (1999). De otro lado, no estamos obligados a aceptar las recomendaciones del Comisionado Especial respecto a la querella disciplinaria. Íd.

III.

Como todo abogado, el licenciado Soto Charraire tiene derecho a las garantías del debido proceso de ley en el procedimiento disciplinario que origina este recurso.[5] Entre esas garantías, se requiere presentar prueba clara, robusta

---

[5] Véanse In re Martínez Almodóvar, *supra*;  In re Ríos Ríos, *supra*.

y convincente de la conducta antiética imputada.[6] En este caso, el Comisionado Especial celebró una vista en su fondo y determinó que no existía prueba clara, robusta y convincente de que el licenciado Soto Charraire hubiera violado el Canon 18 del Código de Ética Profesional, *supra,* por lo que no procedía sancionarlo. Como vimos anteriormente, es norma reiterada que este Tribunal no alterará las determinaciones de hecho del Comisionado Especial, a menos que medie pasión, prejuicio, parcialidad o error manifiesto en su apreciación de la prueba.[7] No estamos en posición de determinar que en este caso se configuró alguna excepción a esa norma.

El Comisionado Especial también señaló que no surgía del expediente que el licenciado Soto Charraire hubiera renunciado a la representación legal de la señora Baker Ruiz, ni le hubiera entregado a la señora Baker Ruiz su expediente. Así pues, sostuvo que el abogado debía "cumplir con los cánones" renunciando a la representación legal de la querellante, tal y como esta se lo solicitó, y entregándole su expediente. Ello, sin concluir que esas omisiones constituyeran de por sí una violación ética.

Ciertamente, coincidimos en que todo abogado debe cumplir con los Cánones del Código de Ética Profesional,

---

[6] Véanse In re Caratini Alvarado, *supra,* citando a P.P.D. v. Admor. Gen. de Elecciones, *supra*.

[7] Véanse In re Peña Peña, *supra;* In re Astacio Caraballo, *supra*.

*supra*. Sin embargo, es meritorio aclarar que, como parte de su derecho a un debido proceso de ley, el licenciado Soto Charraire no puede ser sancionado por violaciones al Código de Ética Profesional, *supra,* que no fueron imputadas en la querella.[8] El Canon 20 del Código de Ética Profesional, *supra,* es el que impone a los abogados el deber de entregar el expediente a su cliente al momento de ser efectiva su renuncia.[9] Al licenciado Soto Charraire sólo se le imputó incumplir su deber de diligencia impuesto por el Canon 18, *supra*. Del expediente, no surge evidencia suficiente para concluir que el abogado querellado violó el Canon 20, *supra.* Asimismo, del Informe del Comisionado Especial no se desprende que haya desfilado prueba sobre si el licenciado Soto Charraire todavía posee el expediente de la señora Baker Ruiz y se haya negado a devolvérselo. Por ende, entendemos que en este caso no están presentes las circunstancias necesarias para aplicar la excepción establecida en In re Martínez Almodóvar, *supra*, a la norma pautada en In re Pérez Riveiro, *supra*.

Por ello, no procede sancionarlo mediante este procedimiento disciplinario por no haber entregado a la

---

[8] Véase In re Pérez Riveiro, *supra*.

[9] En lo pertinente a la controversia que nos ocupa, el Canon 20 del Código de Ética Profesional, *supra,* dispone lo siguiente:

> Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado. Íd.

señora Baker Ruiz su expediente, de ello ser cierto. En cambio, lo que procede es ordenar al Procurador General que investigue si se debe presentar una queja nueva contra el licenciado Soto Charraire por violación al Canon 20 del Código de Ética Profesional, *supra.*[10]

Finalmente, el Comisionado Especial sugirió que ordenáramos al licenciado Soto Charraire devolver a la querellante la mitad de los honorarios cobrados, pues los trámites del divorcio no finalizaron con él. No obstante, en vista de que no se probó que el querellado hubiera incurrido en alguna falta de diligencia que resultara en la no consumación del divorcio por la causal de consentimiento mutuo, entendemos que no procede imponerle sanción alguna.

IV.

Toda vez que no se demostró mediante prueba clara, robusta y convincente que el Lcdo. José Francois Soto Charraire violó el Canon 18 del Código de Ética Profesional, *supra*, ordenamos el archivo de la querella presentada contra él. Por otra parte, ordenamos al Procurador General investigar si procede presentar una queja nueva contra el licenciado Soto Charraire por violación al Canon 20 del Código de Ética Profesional, *supra.*

Se dictará Sentencia de conformidad.

---

[10] Véanse In re Martínez Almodóvar, *supra*; In re Pérez Riveiro, *supra*.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


José Francois Soto Charraire            CP-2010-11




SENTENCIA


San Juan, Puerto Rico, a 16 de octubre de 2012.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se ordena el archivo de la querella presentada contra el Lcdo. José Francois Soto Charraire. Por otra parte, ordenamos al Procurador General investigar si procede presentar una queja nueva contra el licenciado Soto Charraire por violación al Canon 20 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García concurren con que se ordene el archivo de la querella presentada. Sin embargo, ante los hechos particulares de este caso, no identifican una conducta impropia adicional que requiera ordenar al Procurador General su investigación en conformidad con *In re Martínez Almodóvar*, 180 D.P.R. 805, 825-826 (2011).



Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo