PER CURIAM:
I
El Ledo. José R. Santos Cruz fue admitido a la práctica de la abogacía el 25 de abril de 1972 y a la práctica de la notaría el 2 de junio de 1972.
El 8 de septiembre de 2011, la Sra. Luisa Méndez Clara presentó una queja contra el licenciado Santos Cruz.(1) En esta, la señora Méndez Clara alegó que contrató los servicios profesionales de este para tramitar un caso relacionado a la presunta nulidad de un expediente de dominio. En consecuencia, según argüyó la quejosa, las partes pactaron verbalmente el pago de $3,000 en concepto de honorarios de abogado, de los cuales la señora Méndez Clara adelantó $2,000. Asimismo, la quejosa señaló que visitaba frecuentemente la oficina del querellado, con tal de mantenerse al tanto de los pormenores de su caso. En noviembre de 2010, sin embargo, el licenciado Santos Cruz le informó a la señora Méndez Clara que su caso “había sido cerrado” —entiéndase, archivado— puesto que, según le explicó, esta había incumplido con determinados requerimientos hechos por el tribunal. Es menester señalar que, según surge del expediente, el caso en cuestión había sido archivado, sin perjuicio, mediante una Sentencia dictada el 23 de junio de 2006 y notificada el 28 de junio de 2006. El archivo se debió a que no se presentó, en el término que se concedió para ello, una solicitud de emplazamientos por edicto.(2) Cabe destacar, además, que fue el propio licenciado Santos Cruz quien pidió que se le concediera un término para ello.
Dado lo anterior, la señora Méndez Clara le solicitó al *227 licenciado Santos Cruz la devolución del expediente del caso y, además, le requirió que le devolviera el dinero que este había cobrado, ya que no había cumplido con la gestión requerida.
Presentada la queja, el licenciado Santos Cruz, por su parte, la contestó el 17 de octubre de 2011. En su contestación, el querellado, primero, confirmó las alegaciones de la señora Méndez Clara respecto a los pormenores de la contratación y el pago por adelantado de honorarios. Empero, el licenciado Santos Cruz señaló que, en efecto, realizó un número considerable de gestiones ante el Tribunal de Primera Instancia.(3) Entre otras, el 4 de diciembre de 2003, presentó una demanda relacionada con la causa de acción invocada por la quejosa. Esto, aun cuando le informó a esta que existía la posibilidad de que esa causa de acción estuviere prescrita. Asimismo, argumentó que no presentó la solicitud de emplazamientos por edictos, puesto que su secretaria le informó que la señora Méndez Clara no tenía interés en el caso. En cuanto a los honorarios, el licenciado Santos Cruz adujo que, mediante carta fechada el 30 de abril de 2011, le informó a la señora Méndez Clara que estaba dispuesto a devolverle $500 de la cantidad pagada por adelantado en concepto de honorarios de abogado. Además, señaló que le entregó el expediente del caso a la señora Méndez Clara tan pronto ello le fue requerido.
En virtud de los hechos relatados, el 12 de enero de 2012, la Oficina de la Procuradora General presentó un informe en el cual señaló que, de la investigación realizada, el licenciado Santos Cruz pudo haber infringido los Cánones 18, 19 y 38 del Código de Ética Profesional. Evaluado ese informe, el 24 de febrero de 2012, este Tribunal emitió una resolución para concederle un término al querellado para que éste se expresara sobre el informe. Ha *228 biendo recibido la oportuna oposición del licenciado Santos Cruz al informe en cuestión, el 25 de marzo de 2012, este Tribunal le ordenó a la Procuradora General que presentara la querella correspondiente, la cual se presentó el 13 de febrero de 2013.
De otra parte, el 23 de septiembre de 2013, este Tribunal nombró a la Hon. Crisanta González Seda, exjueza del Tribunal de Primera Instancia, como comisionada especial. Así, luego de los trámites de rigor —que incluyeron la celebración de vistas y la estipulación de hechos— emitió el informe correspondiente, en el cual concluyó que, en efecto, el licenciado Santos Cruz contravino los deberes éticos que disponen los Cánones 18, 19 y 38 del Código de Ética Profesional, 4 LPRA Ap. IX. No obstante, añadió que, al momento de imponer la sanción, este Tribunal debería tomar en consideración la buena reputación del querellado.
HH HH
A
El Canon 18 del Código de Ética Profesional, supra, dispone, en lo pertinente, que “[e]s deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable”. Así, es innegable que este canon consagra un deber ineludible, según el cual el abogado ha de tramitar las causas de sus clientes desplegando todo su conocimiento y sus habilidades. Véase In re Cuevas Velázquez, 174 DPR 433, 442 (2008). Ello, además, ateniéndose a los parámetros que la “profesión jurídica en general estim[e] adecuadlos] y responsable[s]”. 4 LPRA Ap. IX, C. 18. De otra parte, es menester destacar que “[c]uando se infringe el Canon 18, ‘el perjuicio directo lo padece la propia parte negligente no logrando la concreción de lo pretendido’ ”. In re Nieves Nieves, 181 DPR 25, *229 37-38 (2011) (citando a R.L. Vigo, Ética del abogado: Conducta procesal indebida, 2da ed., Buenos Aires, Ed. Abeledo-Perot, 2003, pág. 103).
En el pasado, este Tribunal ha señalado una serie de situaciones prácticas que, a modo de ejemplo, configuran una violación al deber de diligencia que impone el Canon 18, a saber, cuando un abogado: (1) no comparece a los señalamientos del tribunal; (2) no contesta los interrogatorios sometidos; (3) no informa a las partes sobre la presentación de un perito; (4) desatiende o abandona el caso; (5) permite que expire el término prescriptivo o jurisdiccional de una acción, y (6) incurre en cualquier tipo de actuación negligente que pueda conllevar o, en efecto, resulte en la desestimación o archivo del caso. Véanse: In re Nieves Nieves, supra, pág. 38; In re Vilches López, 170 DPR 793, 798 (2007). Véase, también, S. Steidel Figueroa, Ética y responsabilidad disciplinaria del abogado, San Juan, Pubs. JTS, 2010, págs. 180-181. De particular interés para el caso que nos ocupa, “hemos sostenido, sin ambages, que aquella actuación negligente que pueda conllevar, o que en efecto conlleve, la desestimación o el archivo del caso, se configura violatoria del citado Canon 18”. In re Pujol Thompson, 171 DPR 683, 689 (2007). Véase, también, In re Cuevas Borrero, 185 DPR 189, 199 (2012).
B
De otro lado, el Canon 19, supra, en lo que atañe a la conducta que nos compete, dispone que “[e]l abogado debe mantener a su cliente siempre informado de todo asunto importante que suija en el desarrollo del caso que le ha sido encomendado”. 4 LPRAAp. IX. No cabe duda de que la obligación que este canon consagra “constituye un elemento imprescindible en la relación fiduciaria que caracteriza el vínculo abogado-cliente”. In re Colón Morera, 172 DPR 49, 57 (2007). Véanse, también: In re Muñoz, Mo *230 rell, 182 DPR 738, 752 (2011); In re García Muñoz, 170 DPR 780 (2007); In re Criado Vázquez, 155 DPR 436 (2001); In re Flores Ayffán, 150 DPR 907 (2000). Esta obligación, además, constituye un deber ético independiente de la diligencia que, en virtud del citado Canon 18, se le exige al abogado en todo momento durante su gestión profesional. Véase, por ejemplo, In re Hernández Pérez I, 169 DPR 91 (2006).
En particular, es deber del abogado informar a su cliente de cualquier determinación que le sea adversa, sobre todo cuando esta ponga fin, total o parcialmente, a una causa de acción. In re Hernández Pérez I, supra, pág. 104. Cf. Colón Prieto v. Géigel, 115 DPR 232 (1984); In re Cardona Vázquez, 108 DPR 6 (1978).
Este Tribunal ha establecido que “el deber de informar continuamente [sobre asuntos importantes] establecido en el Canon 19, supra, es del abogado para con el cliente, mas no del cliente para con el abogado”. In re Muñoz, Morell, supra, pág. 753. Así, en cabal cumplimiento con dicho deber, el abogado deberá velar por que la comunicación con su cliente sea efectiva. Asimismo, el abogado no podrá excusar su incumplimiento con el deber de mantener informado a su cliente alegando que este se tornó inaccesible. “En es [os] caso[s] es necesario que el abogado indique las gestiones que realizó para comunicarse con su cliente”. íd., pág. 754. De igual forma, de lo anterior es inevitable colegir que el abogado no podrá eludir su deber ético delegando en terceros lo que solo a él le compete, aun cuando estos sean personas de su entera confianza. Ante todo, el abogado debe cerciorarse de que su cliente esté debidamente informado de todos los asuntos importantes que se susciten en la tramitación de su caso.
*231 HH HH HH
En atención a las pautas éticas esbozadas, es forzoso concluir que el licenciado Santos Cruz contravino a estas.(4) Esto, toda vez que no desplegó la diligencia debida en la tramitación de la causa de acción de la señora Méndez Clara. Asimismo, incumplió su deber de mantener informada a su cliente de los pormenores y la tramitación del caso.
En primer lugar, el licenciado Santos Cruz actuó negligentemente al dejar de presentar la solicitud de emplazamientos por edicto en el término que para ello le concedió el foro primario. Máxime, cuando fue él mismo quien le solicitó al tribunal ese término y cuando tal proceder acarreó el archivo de la causa de acción de su cliente. Al pro-ceder de esta forma, no desplegó la diligencia que la profesión jurídica, en general, estima adecuada y responsable.
Es evidente, también, que el licenciado Santos Cruz incumplió palmariamente con su deber de mantener informado a su cliente sobre los asuntos importantes de la tramitación de la causa de acción de este. En el caso que nos ocupa, el licenciado Santos Cruz no procuró informarle con prontitud a la señora Méndez Clara sobre las incidencias procesales en la causa de acción que esta le confió. Además, según se desprende de la propia comparecencia del querellado, este no procuró informarse por sí mismo del interés de su cliente en el caso y, en cambio, confió, sin más, en lo que su secretaria presuntamente le comunicó.
A pesar de lo anterior, no podemos pasar por alto el hecho de que esta es la primera ocasión en que el licenciado Santos Cruz es objeto de un procedimiento de esta índole. Asimismo, obra en autos numerosa prueba, estipulada entre las partes, la cual da cuenta de la buena reputación del letrado durante gran parte de su carrera *232 profesional. Por ende, estimamos procedente únicamente, como sanción, censurar enérgicamente al licenciado Santos Cruz, apercibiéndole de que, en el futuro, se deberá ceñir estrictamente a las disposiciones del Código de Etica Profesional. De igual forma, conforme a lo pactado entre este y la señora Méndez Clara, se le ordena que le restituya a ésta $500, en concepto de honorarios de abogado no devengados durante su gestión.

Se dictará sentencia de conformidad.

El Juez Asociado Señor Martínez Torres hizo constar la expresión siguiente, a la que se unió el Juez Asociado Señor Feliberti Cintrón:
Suspendería al Ledo. José R. Santos Cruz por un término de tres meses, porque considero que su conducta, además de quebrantar los Cánones 18 y 19, también contravino el Canon 38. 4 LPRAAp. IX.
El Juez Asociado Señor Estrella Martínez concurrió sin opinión escrita.

 Valga señalar que los hechos que se relatarán a continuación coinciden con las estipulaciones hechas por las partes concernidas durante la tramitación del procedimiento disciplinario que nos ocupa.

 Es preciso destacar que el caso ya había sido archivado, el 20 de marzo de 2006, también por falta de interés, al no haber comparecido las partes a la conferencia con antelación a juicio.

 Por ejemplo, comparecer a varias vistas pautadas por el foro primario y cursar un interrogatorio a la parte demandada.

 Por entender que las actuaciones del licenciado Santos Cruz constituyen violaciones a los Cánones 18 y 19, y son sancionables según éstos, consideramos superfino, en este caso, acudir al Canon 38.